EDITH ANNIE BASHAW, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF FRANK JOSEPH BASHAW, RESPONDENT, v. FRED EICHENBERGER AND BERTHA GARRETT, EXECUTRIX OF THE ESTATE OF EDWARD W. GARRETT, DECEASED, APPELLANTS.

Argued March 10, 1924—Decided May 19, 1924.

1. The maxim *falsus in uno falsus in omnibus*, is not a mandatory rule of evidence, but rather a presumable inference that a jury may or may not draw when convinced that an attempt has been made to mislead them by a witness in some material respect; therefore, the testimony of a witness cannot be stricken out in its entirety, because in one respect such testimony may seem impossible of belief.

2. The granting of a motion to declare a mistrial rests in the sound discretion of the trial court, and where it does not appear that the effect of a question asked the jurors before they were sworn, or of irrelevant testimony volunteered by a witness, could not be removed by proper instructions to the jury, there was no abuse of such discretion.

On appeal from the Supreme Court.

For the appellants, *Heine, Bradner & Laird.*

For the respondent, *Weinberger & Weinberger.*

The opinion of the court was delivered by

LLOYD, J.    This suit was for the damages resulting from the death of Frank Joseph Bashaw, alleged to be due to the negligent operation of an automobile by the defendant Fred Eichenberger, who at the time was driving the automobile of Edward W. Garrett, the defendant, now represented by his executrix, Bertha Garrett.

Three grounds for reversal of the judgment of the Supreme Court, in which the case was tried, are relied upon here.

First, that the evidence of a witness named Gordon should have been stricken out by the court because some parts of his testimony are conceived to be contrary to natural laws, or, as stated by appellant, physically impossible.    The case grew out of a collision at the intersection of Lexington avenue and Summer street, in the city of Passaic, on the afternoon of October 15th, 1921, between a Buick car of the defendant Garrett and a bicycle on which Bashaw was riding.    The motion to strike out Gordon's testimony rested upon the fact that he had testified to the turn of the Buick car at a speed of forty miles an hour from Lexington avenue into Summer street, making practically a right angle turn with the curve necessary thereto.    Gordon had testified generally concerning the accident, and there was much more to his testimony than that concerning this turn.    The motion of counsel was to strike out the whole of it.    Assuming the physical impossibility of the turn as described by Gordon (which we do not undertake to assert); the motion was properly denied as too broad in its scope.    Apparently, the appellant seeks to invoke the maxim *falsus in uno falsus in omnibus,* but this is unavailing.    In the case of *Addis* v. *Rushmore,* 74 *N. J. L.* 649, it was declared by this court that the maxim is not a mandatory rule of evidence, but rather a presumable inference that the jury may or may not draw when convinced that an

attempt has been made by a witness to mislead them in some material respect. The motion to strike out was rightly refused.

The next ground of complaint is the refusal of the trial court to grant the defendant's motion to withdraw a juror because of certain questions asked by plaintiff's attorney of jurors regarding their ownership of stock in the American Automobile Insurance Company of St. Louis, and because of a statement by one of plaintiff's witnesses. It has been repeatedly held that the granting of such a request rests in the discretion of the trial judge, and, unless abused, the exercise of this discretion will not be disturbed on review. The facts in this case were that, when the jury was being impaneled plaintiff's counsel asked if any of them were stockholders or interested in the insurance company mentioned, and during the progress of the trial Emma Roth, a witness called by the plaintiff, was asked to give the details of a conversation with Edward W. Garrett, one of the defendants, in the course of which she said: "He asked me how many children my daughter [Mrs. Bashaw] had and I told him, and how old they were. 'Well,' he said, 'tell Mrs. Bashaw not to worry,' that he was fully insured and that he intended to do what was right, and he knew how she must feel about it."

While it is true the fact of insurance by the defendant was an irrelevant circumstance in the trial, it is not apparent that any injury had arisen which could not be removed by proper instructions and caution to the jury. We cannot, therefore, say that the denial of the motion was an abuse of the discretion lodged in the trial court. It will be observed that the first question to which objection is made was not addressed to a witness, but to the jurors before they were sworn. Whether it was important that counsel should have information of this sort before accepting the jurors, or whether, if important, this is the proper method to obtain it, it is not necessary to decide in this case. As a preliminary inquiry, made before the jurors were apprised of the nature of the case, it would not seem likely to have worked an injury which would require a mistrial. The testimony

of the witness Emma Roth appears to have been, in a meas-use, volunteered. There is nothing to show that counsel was deliberately attempting to extract from the witness irrelevant testimony for the purpose of prejudicing the defendant.

The third complaint is that the court refused to strike out the testimony of a witness Jackson on the ground that the pleadings were not sufficiently broad to justify its admission. As in the case of the witness Gordon, Jackson had given tes-timony covering a much wider field than that which it is conceived by defendant's counsel to be incompetent. This being true, for the reasons already stated, the court was clearly right in refusing to strike it out.

Finding no error in the rulings of the trial court, the judg-ment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, JJ. 11.

*For reversal*—None.