LUCIA DE PALMA ET AL., APPELLEES, v. ECONOMY AUTO
SUPPLY COMPANY ET AL., APPELLANTS.

Argued March term, 1925—Decided August 26, 1925.

Negligence—Motor Vehicle Striking Little Child—Evidence Ex-
amined and Case Properly Submitted to Jury—Objections
to Questions Considered and Held Unfounded—Previous Dis-
ability Aggravated by Accident—Proper Measure of Dam-
ages—Rule Stated, Though Not the Correct One, Did Not
Harm Defendant.

On appeal from the Essex Common Pleas.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Frank G. Turner.*

For the appellees, *Kalisch & Kalisch.*

PER CURIAM.

This action was tried in the Essex Common Pleas before
the court and a jury. The action was brought against the
defendant and its driver to recover damages for personal in-
juries received by a twelve-year-old child, as a result of being
struck by defendant's automobile; the father joined in the
action to recover consequential damages. The jury rendered
a verdict of $500 in favor of the father and $1,000 in favor
of the child.

The first four points are concerned with the court's re-
fusal to grant the usual motions on grounds of no negligence
in defendant, and contributory negligence in the plaintiff
child. We think the case was properly left to the jury.

The fifth point is that the court erroneously permitted
plaintiff's attorney to ask the jury whether any of them
held stock or were financially interested in any insurance
company which insured automobile owners against liability.

When matter *ab extra* is injected into a case the proper practice is for counsel to request the court either to admonish counsel or to instruct the jury to disregard the objectionable remarks. A failure so to do by the trial court, and exception thereto, would lay the basis for a valid assignment of error if such refusal projudiced the rights of a party. A refusal of the court to withdraw a juror for improper remarks by counsel is discretionary on the part of the trial judge, and cannot be reviewed on appeal. *Smith* v. *Brunswick Laundry Co.*, 93 *N.,J. L.* 436; *Boshaw* v. *Erchenberger*, 125 *Atl. Rep.* 130.

Point six is that the court refused to strike out testimony given by the girl's mother.

"*Q.* Have you noticed any difference in the little girl from the time before the accident and since the accident?

"*A.* At night she cried. I get up from my bed and I go to her and ask her what is the trouble. She says her arm hurts her."

A non-expert witness may testify to such exclamations and complaints as indicate present existing pain and suffering. *State* v. *Gruich*, 96 *N. J. L.* 202, 204; 15 *Ann. Cas.* 796, *note;* 158 *U. S.* 271.

The seventh point is that the court charged the jury as follows: "But you may not allow them any claim unless you find it is the result of the accident. If, by reason of the injuries, any previous disability of the child was aggravated you may allow for that."

The objection was not to the form or substance of the charge, but to the fact that making such charge, in the absence of an allegation of such claim in the complaint, was prejudicial to the defendant, in that he had no opportunity to meet it.

The complaint alleged that the plaintiff "sustained severe and permanent injuries, to wit, fractured skull, broken shoulder, and was injured about her ankle, left side and left arm."

The defendant offered no medical witness, the plaintiff's doctor testified that the child had a green stick fracture of the collar bone, which affected the motion of the left arm; that the child had rickets for eleven years, and that there was a collection of lime in her bones that made it more difficult.

"*Q.* Makes what more difficult?

"*A.* The union of the bone and the general condition."

Point eight is that the court erred in charging the measure of the infant's damage. "In figuring the verdict, you may capitalize the amount, because if she gets a verdict it will be put out at interest, under the law, and therefore she will have the benefit of whatever sum you allow, and it will be placed at interest up until the time she is twenty-one years of age." There was no exception to this charge, yet while it was not the correct rule of damage it did not harm the defendant, since it expressed only the theory upon which damages are capitalized, and not the plaintiff's right to recover them.

The judgment will be affirmed.