## CHICAGO & N. W. RY. CO. v. CANDLER.

(Circuit Court of Appeals, Eighth Circuit. October 12, 1922.)

No. 6005.

Damages ⊙97—Allowance for future pain not restricted to present value of yearly estimates for probable duration of plaintiff's life.

In a personal injury action, the jury, in awarding damages for future pain and inconvenience, is not required to restrict allowance to the present value of yearly estimates and allowances covering the probable duration of plaintiff's life.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Letta I. Candler against the Chicago & Northwestern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely and Paul S. Topping, both of Omaha, Neb., on the brief), for plaintiff in error.

J. J. Harrington and M. F. Harrington, both of O'Neill, Neb., for defendant in error.

Before CARLAND and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. This was a suit to recover damages for personal injuries. Plaintiff had judgment, and defendant has brought the cause to this court for review.

---

[7] Compiled Statutes, §§ 9464 and 9467.

The defendant requested the trial court to give the following instruction:

"If you should conclude to allow plaintiff damages on account of future pain and inconvenience if any, it will be your duty, after determining the amount of plaintiff's damages for such future pain and inconvenience, to reduce said amount to its present worth and the present worth or value only will be represented in your verdict."

The court refused to give the instruction; the defendant excepted, and has assigned the ruling as error. Counsel for plaintiff in error in their brief state their contention as follows:

"A common carrier of passengers for hire in a suit for personal injuries to a passenger is entitled, upon proper request, as a legal right, to have the jury instructed that where damages are to be allowed for future pain and suffering and future loss of earning capacity, such damages must be reduced to their present worth or value."

And in support of their contention they cite the following cases: Vicksburg & M. R. Co. v. Putnam, 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257; Pierce v. Tennessee Coal, etc., R. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591; Chesapeake & Ohio R. R. v. Kelly, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; Chesapeake & Ohio R. R. Co. v. Gainey, 241 U. S. 494, 36 Sup. Ct. 633, 60 L. Ed. 1124; Louisville & Nashville R. Co. v. Holloway, 246 U. S. 525, 38 Sup. Ct. 379, 62 L. Ed. 867.

Ches. & Ohio Ry. Co. v. Kelly was an action by the administratrix of Matt Kelly, deceased, to recover damages for the benefit of the widow and minor children of decedent because of his death while employed by the railway company. Only the future earnings of the deceased were involved in the case, respecting which the Supreme Court said:

"So far as a verdict is based upon the deprivation of future benefits, it will afford more than compensation if it be made up by aggregating the benefits without taking account of the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future."

Ches. & Ohio Ry. Co. v. Gainey was also a death action. It was decided the same day the Kelly Case was decided, and adopts the views expressed in the Kelly Case.

Louis. & Nash. R. R. Co. v. Holloway was a death action for the benefit of the widow, in which the Supreme Court reaffirms the present value rule of the Kelly Case.

Pierce v. Tennessee Coal & R. Co. was an action for breach of contract for future employment. It is cited in the Kelly Case. The present value rule announced in the Kelly Case is foreshadowed in the opinion in the Pierce Case.

Vicksburg, etc., R. R. Co. v. Putnam, was an action for personal injuries. Referring to it the court in the Kelly Case said:

"The judgment was reversed, not because of the recognition of the rule of present values, but because of the conclusive force that was given by the trial judge to the life and annuity tables. In the course of the opinion the court, by Mr. Justice Gray, said (page 554) that the compensation should include 'a fair recompense for the loss of what he would otherwise have earned in his

trade or profession, and has been deprived of the capacity for earning by the wrongful act of the defendant. * * * In order to assist the jury in making such an estimate, standard life and annuity tables, showing at any age the probable duration of life, and the present value of a life annuity, are competent evidence. * * * But it has never been held that the rules to be derived from such tables or computations must be the absolute guides of the judgment and the conscience of the jury.' "

It will be noted that in all the cases cited by plaintiff in error only the question of future earnings was involved. While counsel in their brief claim that plaintiff in error was entitled "to have the jury instructed that where damages are to be allowed for future pain and suffering and future loss of earning capacity, such damages must be reduced to their present worth or value," they, as a matter of fact, only requested the court to give an instruction covering "future pain and inconvenience." The court instructed the jury:

"If she [defendant in error] has shown you by a fair preponderance of the evidence that the injury was of such character as to cause her loss of earning power then the amount awarded her should be sufficient to reasonably compensate her for any damage she has sustained in the past and which can be, with fair degree of certainty, that she will sustain in the future, and also an amount to reasonably and fairly and fully compensate her for any pain or suffering which was directly and actually caused by the accident to her while she was a passenger, nothing else, and that only upon a preponderance of the evidence fairly persuading you that she did sustain a substantial injury and suffer substantial damage, and then a verdict which will fully and fairly compensate her for such damage, if it has been shown, including loss of earning power, loss of earnings, if any, both in the past and in the future, and pain and suffering."

No exception was taken to this instruction, and no request was made for any additional instruction, except the request above set out. The language of the Supreme Court in Louis. & Nash. R. R. Co. v. Holloway may appropriately be applied to the plaintiff in error in so far as the future earnings of the defendant in error is concerned.

"The company had of course, the right to require that this general instruction be supplemented by another calling attention to the fact that, in estimating what amount would compensate the widow, future benefits must be considered at their present value. But it did not ask for any such instruction."

Instead, it asked the court to instruct the jury to apply the rule of present value to future pain and inconvenience. The requested instruction is without authority to sustain it and the question is: Is it supported by reason?

In Ches. & Ohio Ry. v. Kelly, the state court had said that:

"The value of a father's support is not so difficult to estimate, and the average juryman is competent to compute it, but to figure interest on deferred payments, with annual rests, and reach a present cash value of such loss to each dependent is more than ought to be asked of any one less qualified than an actuary."

The Supreme Court, in reversing the judgment, said:

"We are constrained to say that in our opinion the Court of Appeals erred in its conclusion upon this point. * * * We are aware that it may be a difficult mathematical computation for the ordinary juryman to calculate interest on deferred payments, with annual rests, and reach a present cash value."

Whether the difficulty should be met by admitting the testimony of expert witnesses, or by receiving in evidence the standard interest and annuity tables in which present values are worked out at various rates of interest and for various periods covering the ordinary expectancies of life, it is not for us in this case to say. Like other questions of procedure and evidence, it is to be determined according to the law of the forum."

The Supreme Court also said:

"The damages should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased."

In Vicksburg, etc., R. R. Co. v. Putnam, the court, in discussing the instruction given upon the measure of damages, said:

"In an action for a personal injury, the plaintiff is entitled to recover compensation, so far as it is susceptible of an estimate in money, for the loss and damage caused to him by the defendant's negligence, including not only expenses incurred for medical attendance, and a reasonable sum for his pain and suffering, but also a fair recompense for the loss of what he would otherwise have earned in his trade or profession, and has been deprived of the capacity of earning, by the wrongful act of the defendant" (citing cases). In order to assist the jury in making such an estimate (that is, of future earnings) "standard life and annuity tables, showing at any age the probable duration of life, and the present value of a life annuity, are competent evidence."

In none of the cases cited by counsel is it suggested or intimated that the amount allowed for pain and suffering, or pain and inconvenience, should be the sum total of the present values of yearly estimates and allowances determined by the jury covering the probable duration of the life in question.

The loss sustained through deprivation of future pecuniary benefits is capable of substantial if not definite and certain proof. Future earnings, other factors being given consideration, may be determined with reasonable certainty from past performance. In the business world yearly inventories are made and balances struck, in profit and loss, in income, and in earnings. The application of the present value rule by the jury in making up the amount of damages to be allowed for the deprivation of pecuniary benefits arising from probable future earnings is not only just, but feasible. It is feasible because the jury may from actual past earnings, with other factors in the problem proven, set opposite each year of the estimated life the sum which would probably be earned that year, and in death cases the probable pecuniary benefit to the party complaining or beneficially interested. These several sums can then be reduced to their present value. No such process is possible in estimating the amount to be allowed for pain and suffering, or for pain and inconvenience. In the matter of pain, suffering, or inconvenience, no books are kept, no inventories made, no balances struck.

Neither the plaintiff in the case nor any one else in the world has ever established a standard of value for these ills. The only proof ever received to guide the jury in determining the amount of the allowance they should make is, broadly stated, the nature and extent of the injury, its effect and results. They are instructed to allow a reasonable sum as compensation, and in determining what is reasonable under the evidence to be guided by their observation, experience and

sense of fairness and right. At the best the allowance is an estimated sum determined by the intelligence and conscience of the jury, and we are convinced that a jury would be much more likely to return a just verdict, considering the estimated life as one single period, than if it should attempt to reach a verdict by dividing the life into yearly periods, setting down yearly estimates, and then reducing the estimates to their present value. The arbitrariness and artificiality of such a method is so apparent that to require a jury to apply it would, we think, be an absurdity.

The trial court did not err in refusing to give the requested instruction, and the judgment will be affirmed. It is so ordered.