53 N.J. Super. 475 (1959)
147 A.2d 591
VINCENT PURPURA, PLAINTIFF-RESPONDENT,
v.
PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1958.
Decided January 13, 1959.
*477 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. John R. Kelly argued the cause for plaintiff-respondent.
Mr. Frank A. Sickinger argued the cause for defendant-appellant (Mr. Luke A. Kiernan, Jr., attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff sued in the Superior Court, Passaic County, for damages for personal injuries which he sustained when the automobile driven by him collided with defendant's vehicle at an intersection. Defendant counterclaimed. The case was transferred to the Passaic County District Court for trial. There the jury brought in a verdict of $2,632.50 in favor of plaintiff upon his claim, and a verdict of no cause for action on defendant's counterclaim.
Defendant moved for a new trial. The notice of motion is not printed, but defendant's brief says (and it is not denied) that the motion was "for a new trial as to all issues." On January 7, 1958 the trial judge ruled that as to liability the verdict should not be disturbed, but as to damages it was excessive. He therefore ordered that there be a new trial as to damages only, unless plaintiff agreed to accept a reduction of the verdict to $1,925. Plaintiff refused to accept that sum so, by order dated January 22, 1958, a new trial was ordered as to damages only.
The new trial resulted in a verdict of $3,425. Defendant moved for a new trial on the ground that this verdict was excessive. That motion was denied.
Defendant now appeals from the order of January 22, 1958, arguing that it was error to order a new trial as to *478 damages only, and that a new trial should have been ordered as to all issues. Defendant also appeals from the judgment upon the verdict in the second trial, on the grounds that (a) plaintiff's attorney made improper prejudicial statements during his summation, (b) the verdict in the second trial was excessive, and (c) the trial court erred in excluding certain testimony offered by the defendant.
We find no error in the order for a new trial as to damages only. Defendant argues, quoting from Hendrikson v. Koppers Co., Inc., 11 N.J. 600, 608 (1953), that "a new trial may be limited to damages only, where that is the only question with respect to which the verdict or judgment is wrong and it is fairly separable from the other issues, and the best interests of justice will be served by granting a partial new trial." Defendant cites many cases in support of that proposition.
However, the rationale of all of the cases cited by defendant is that the trial court should not order a new trial as to damages only, when the verdict is too low, unless the court is sure the lowness of the verdict is not part of a compromise upon liability. Obviously that rationale does not apply to cases in which the trial court orders a new trial as to damages only because the verdict is too high. There the trial court must consider an entirely different question, namely, whether the verdict is so excessive in amount as to show that the jury was so moved by passion or prejudice that its verdict as to liability must be equally tainted. When it is so excessive then, also, the trial court should not limit the new trial to damages only. Kress v. City of Newark, 8 N.J. 562 (1952).
In the case at bar it seems to us that the defendant does not urge, on this appeal, that the verdict in the first trial was so excessive in amount that it tainted the entire verdict, even as to liability. If defendant does intend to so argue we find no basis for the argument.
However, the judgment which followed the second trial must be reversed because of the remarks made by plaintiff's *479 attorney in his summation. Plaintiff's attorney told the jury:
"* * * believe me, when I say this to you, a high figure, a high amount in five figures is what he deserves for his injury."
This was an improper remark. Botta v. Brunner, 26 N.J. 82, 91 (1958). Defendant immediately moved "for a mistrial."
The judge simply said "Deny your motion." He gave the jury no curative instructions then or thereafter. He did not admonish counsel, nor tell the jury to ignore the remark, nor in any other way express his disapproval. The jury therefore had every reason to believe the judge considered the remark a proper one. Leffler v. Aetna Life Ins. Co., 119 N.J.L. 370, 373 (E. & A. 1937).
After the judge had so summarily rejected defendant's objection, plaintiff's counsel continued with his summation and, almost immediately, said:
"But this is not an instance where we must feel against the Public Service because the Public Service is a big corporation worth a lot of money."
This statement also was improper. See Leffler v. Aetna Life Ins. Co., supra, and the annotations in 32 A.L.R.2d 9 and 78 A.L.R. 1438. It also heightened the impropriety and prejudice of the earlier "five figures" remark. Haid v. Loderstedt, 45 N.J. Super. 547, 554 (App. Div. 1957). The fact that plaintiff's attorney said "this is not an instance * * *," instead of saying that it was an instance, made it no less objectionable. That the Public Service is a corporation with a lot of money should not have been mentioned at all.
Defendant's attorney immediately moved again for a mistrial, because of this remark. The trial judge did not answer him, nor did he rule on the motion. He said nothing and did nothing while the following colloquy went on in the presence of the jury:
*480 "Mr. Sickinger: Again I move for a mistrial, your Honor.
Mr. Kelly: That would be wrong if you did that. My goodness!
Mr. Sickinger: Mr. Kelly knows he is not to refer to the defendant in that manner.
Mr. Kelly: Well, if everybody doesn't know it in this state  I'll withdraw that remark.
Mr. Sickinger: It can't be withdrawn, your Honor.
Mr. Kelly: It can't be withdrawn; I'll impress it if necessary if that will help you, but I don't believe it's objectionable, your Honor. Everyone knows that it's common knowledge in this state what the Public Service Electric and Gas Company is. We had to ask everybody on the opening whether they had business with them outside of buying electricity and gas from them, which we all do. May I proceed, your Honor?"
The trial judge merely responded "You may." Again there was no admonition to counsel, and no instruction to the jury  in short, nothing to show to the jury that the judge disapproved the remark, or that it was improper.
As this court said in Haid v. Loderstedt, supra, 45 N.J. Super. at page 554:
"Courts exist for the judicial determination of the rights of the litigants and for the administration of justice, and it is the duty of those presiding, as far as humanly possible, to see that the setting of each individual case shall be such that an impartial and just deliverance shall be had between the parties, and when counsel deliberately seeks to inject into a cause an element which has, and is designed to have, the effect of prejudicing the rights of one or the other of the litigants, it is the duty of the judge to guard against such effect, either by arresting the trial in limine, as was requested in the present case or by guarding against the pernicious results through proper instruction to the jury as was clearly indicated in [Bashaw v. Eichenberger, 100 N.J.L. 153, 155 (E. & A.)]."
We appreciate the fact that a trial judge may be reluctant to take a greater part in the trial of a case than is absolutely necessary. Nevertheless, as the court said in Martin v. State, 63 Miss. 505, 56 Amer. Rep. 812, 813 (1886):
"* * * It is among the highest of judicial functions to see that the law is impartially administered and to guard the jury box as far as possible from unlawful influences. * * *
It may sometimes be a difficult and delicate duty for the court to confine counsel to legitimate argument, but this is no reason why it should not be done when necessary to prevent the perversion of law and justice. Like other difficult and delicate duties, it should *481 not be shunned or disregarded by those upon whom it is imposed. Justice should not be sacrificed on mere sentiments of delicacy. * * *"
Plaintiff says that assuming the foregoing were errors, they were not prejudicial. As proof that they were not prejudicial, plaintiff points to the fact that the jury did not return a verdict in the "five figures" which his counsel said "he deserved for his injury." That argument misconceives the point of the Botta opinion. As the Supreme Court said in that case, at page 98 of 26 N.J.:
"`In cases where the damages are unliquidated and incapable of measurement by a mathematical standard, statements by plaintiffs' counsel as to the amount claimed or expected are not to be sanctioned, because they tend to instill in the minds of the jury impressions not founded upon the evidence.' Stassun v. Chapin, 324 Pa. 125, 188 A. 111 (Sup. Ct. 1936); statements calling attention to claims and amounts not supported by the evidence constitute a suggestion to the jury `which in their minds takes the place of evidence.' Clark v. Essex Wire Corporation, 361 Pa. 60, 63 A.2d 35, 37 (Sup. Ct. 1949); it is an `exceedingly bad practice' because `it tends to get figures and accounts into the jury's mind without evidence.' Reese v. Hershey, 163 Pa. 253, 29 A. 907 (Sup. Ct. 1894); it `gives a basis, not established by evidence, on which to calculate the verdict. Admonitions by the court that such is not the purpose in stating the amount claimed will not be sufficient to eliminate it entirely from the minds of the jurors. It will remain with them, and, consciously or unconsciously, it will influence them in arriving at a conclusion.'"
In other words, the prejudice arises not from the acceptance by the jury of the suggested figures, but from the influences upon the minds of the jurors enumerated in the quoted excerpt from the Botta opinion. See also Paradossi v. Reinauer Brothers Oil Co., Inc., 53 N.J. Super. 41 (App. Div. 1958). Cf., Johnson v. Stoveken, 52 N.J. Super. 460 (App. Div. 1958).
Furthermore, it must be remembered that statements such as these are made by counsel with the calculated intent to influence the jury. When that is so we have the right to take counsel's own evaluation of his remarks  i.e., that what he said would influence the jury. Cf., American Chicle Co. v. Topps Chewing Gum, Inc., 208 F.2d 560, 563 (2 Cir. 1953).
*482 We have no doubt that the remarks objected to were prejudicial. If we did have any doubts on that score we would assume (in the absence of an affirmative showing by the plaintiff to the contrary) that the plaintiff's improper remarks accomplished their purpose. Cf., Shafer v. H.B. Thomas Co., 53 N.J. Super. 19 (App. Div. 1958).
We do not pass upon whether the prejudice of such remarks can be eradicated by action of the trial judge, for here the treatment which the objections received from the trial judge did nothing to allay the prejudice of the improper remarks. In fact, that treatment heightened the prejudice, for it appeared to put the approval of the court upon the remarks. In addition, it may have led some members of the jury to believe that it was defendant's counsel who, with his objections, was being captious and unfair. Haid v. Loderstedt, supra.
Since the judgment following the second trial is reversed for the foregoing reasons, it will not be necessary to discuss the other grounds upon which appellant attacks it.
Reversed, and remanded for a new trial as to damages only.