354 P.2d 575

Louise OLSEN, Plaintiff and Respondent,

v.

PREFERRED RISK MUTUAL INSURANCE COMPANY, an Iowa corporation, Defendant and Appellant.

No. 9179.

Supreme Court of Utah.

July 6, 1960.

---

1. See McCormick, On Evidence, Secs. 10, 223, 224, 225 and 226.

Kipp & Charlier, Salt Lake City, for appellant.

Dale L. Browning, Calvin Gould, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment on a verdict for plaintiff. Affirmed, with costs to plaintiff.

The action arose out of an insurance policy issued by defendant providing a $5,000 maximum payment for injuries suffered by the assured on the occasion of a collision by an uninsured driver of a car.

Plaintiff drove alongside a curb to fix a flat tire. A motorist, who appeared to have been drinking, stopped his car behind plaintiff's. Plaintiff told him she had a flat and proceeded to get tools from the trunk compartment, when he ran into her, backed up and drove away.

Defendant urges that 1) the court erred in concluding that plaintiff was not guilty of contributory negligence as a matter of law, with which contention we disagree and 2) that plaintiff's counsel committed prejudicial error in presenting a mathematical per diem formula to the jury for its consideration in determining damages for pain and suffering.

In arguing to the jury, counsel placed figures on a blackboard in support of the following statements, all of which defendant urges was prejudicial:

"For that one month's time how much would you take if your husband or your wife had been injured like that? Would you take $1000? Would you take $2000? Suppose we only called that worth $1000 or just $500. * * * Suppose we say that's only worth $500

for the first month. It's been about a year and a half since the accident happened. How much would you say that year is worth? And she has to live with it day by day. This case will be out of most of your minds in a month or so, but every day she has this problem. Every day she can't walk on that leg good. Every day she'll see those little children having to do things she should be doing herself. Every day she feels the pain in the leg. How much is that worth? Will you take $10 a day? Would you take $5 a day? * * * Now, if we figured it out that would be 5 times 365, or $1,825 per year. * * * And what has she got to look forward to beyond that? * * * She's still got the injury. That might be 10 years. * * * If we ask for another year and a half, 3 years total, that would be 3 times this $1825, or $5,475. But you can't do that. The policy is only $5,000. * * *"

▋ We need not determine whether the argument quoted above should have been complemented by a cautionary instruction, since the maximum coverage under the policy obviously was below an amount the

jury reasonably could have assessed for general physical damages, irrespective of damages for pain and suffering,—substantial evidence pointing up a one-third permanent impairment and loss of use of the leg, because of injuries suffered below the knee and up to the hip.

Cases abound, pro and con, as to the arithmetic per diem formula argument anent pain and suffering. New Jersey's Supreme Court learnedly argues the case for suppression of such argument,[1] while an antithetical position as ably is urged in a Florida appellate tribunal.[2] Our sister state, Nevada, whose statute requires reading to the jury the complaint, including the prayer and amount claimed, has sanctioned such a formula and argument because of the statute.[3] Though we have no similar statute, our trial courts customarily have roughed out the issues urged by the litigants and apprised the veniremen of the maximum amount recoverable under the pleadings, which practice lends some support to the Nevada conclusion.

▋ Nonetheless, we believe and hold that a sensible and fair rule is to leave the propriety of counsel's use of such argument to the sound discretion of the trial court,

1. Botta v. Brunner, 1958, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331, and cases therein cited; Purpura v. Public Service Electric & Gas Co., 1959, 53 N.J.Super. 475, 147 A.2d 591; Certified T.V. & Appliance Co. v. Harrington, 1959, 201 Va. 109, 109 S.E.2d 126; Henne v. Balick, Del.1958, 146 A.2d 394.

2. Ratner v. Arrington, Fla.App.1959, 111 So.2d 82 and cases therein cited.

3. Johnson v. Brown, Nev.1959, 345 P.2d 754.

with a cautionary instruction that if permitted such presentation is but lawyer talk, not to be considered as evidence or as a substitute therefor. Absent such instruction, the practitioner runs the risk of a more piercing and less sympathetic review on appeal as to the argument's prejudicial aspect, since the jury has not had the benefit of the trial court's admonition to treat the argument for what it is, and not for what it might be considered by those uninstructed as to its function.

McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Chief Justice (concurring specially).

I concur in affirming the judgment. But I am not entirely in accord with the treatment of the contention that the argument of plaintiff's counsel, suggesting that they consider pain and suffering at a certain money value was prejudicial error.

It is appreciated that there is a difference of view among respected authorities concerning this question. However, it appears to the writer that the majority and the later and better considered decisions favor permitting such an argument.[1] Courts which have expressed themselves as opposing it are the Eighth Circuit Court of Appeals (Nebraska),[2] Minnesota,[3] Delaware,[4] and New Jersey.[5] Of those, Minnesota seems to have changed its position in later cases by allowing the use of such an argument for what the court terms "purely illustrative" purposes.[6]

The case which may be regarded as the leading one against allowing such an argument is that of Botta v. Brunner[7] in which the New Jersey court discusses the problem and holds that such an argument to the jury constitutes an unwarranted intrusion by counsel into its domain. From our viewpoint it is significant that this case is decided under the New Jersey rule that neither court nor counsel are allowed to refer to the damages clause of the complaint, which as mentioned later, is different from our own practice.

Supporting generally the view that such an argument is permissible are the Sixth Circuit Court of Appeals (Ohio),[8] Missis-

1. See Annotation and cases 60 A.L.R.2d 1347 et seq.
2. Chicago & N. W. R. Co. v. Candler, 283 F. 881, 28 A.L.R. 1174.
3. Ahlstrom v. Minneapolis, St. P. & S. S. M. R. Co., 244 Minn. 1, 68 N.W.2d 873; Hallada v. Great Northern R. Co., 244 Minn. 81, 69 N.W.2d 673, certiorari denied 350 U.S. 874, 76 S.Ct. 119, 100 L.Ed. 773.
4. Henne v. Balick, Del., 146 A.2d 394.
5. Botta v. Brunner, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331.
6. Boutang v. Twin City Motor Bus Co., 248 Minn. 240, 80 N.W.2d 30.
7. See footnote 5, supra.
8. Imperial Oil, Ltd. v. Drlik, 234 F.2d 4, certiorari denied 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 236.

sippi,[9] Texas,[10] Florida,[11] Nevada,[12] and Washington.[13]

Chief Judge Carroll of the Third District Court of Appeal of Florida in the case of Ratner v. Arrington has written an excellent opinion approving such an argument. In it he reviews the cases and the periodical literature on this subject and summarizes the arguments in favor of permitting counsel to argue such a formula in regard to the amount to be awarded for pain and suffering, and also sets forth the reasons supporting the propriety of allowing counsel to make such an argument, which in my opinion are more cogent and persuasive.[14]

Of particular interest to us is the recent case of Johnson v. Brown [15] which sets forth the Nevada position approving the use of such an argument. It is proper to note that Nevada has a statute, Sec. 16.090, N.R.S., providing for the reading of the pleadings to the jury, which thus advises them the amount sued for. But the effect of doing so is not materially different from our own practice in regard to the point in question. We do not approve of reading the pleadings to the jury, preferring a summary statement of the issues. But, it is invariable practice in Utah courts, so far as the writer knows, to advise the jury the amount the plaintiffs sues for and to instruct them that if the verdict is for the plaintiff, the amount awarded should not exceed the amount prayed for in the complaint, and further, that it should not be taken as any indication as to the amount he may be entitled to recover.[16]

A recent case on the subject is that of Jones v. Hogan [17] in which the Supreme Court of Washington analyzed the problem and held such an argument was not error. It took occasion to note that the trial court should have discretion to limit such an argument if it seemed to be intruding into the province of the jury, and stressed that there should be an admonitory instruction that the arguments of counsel are not to be considered as evidence, which is uniformly done in our practice.

In the very nature of a jury trial it is necessary for the court to tell the jury, as it invariably does, and as it did in this case, that it must try the case solely upon the

9. Four-County Electric Power Ass'n v. Clardy, 221 Miss. 403, 73 So.2d 144, 44 A.L.R.2d 1191; Arnold v. Ellis, 231 Miss. 757, 97 So.2d 744.

10. J. D. Wright & Son Truck Line v. Chandler, Tex.Civ.App., 231 S.W.2d 786; Continental Bus System, Inc. v. Toombs, Tex.Civ.App., 325 S.W.2d 153.

11. Ratner v. Arrington, Fla.App., 111 So. 2d 82.
12. Johnson v. Brown, Nev., 345 P.2d 754.
13. Jones v. Hogan, Wash., 351 P.2d 153.
14. 111 So.2d 82, at pages 88 and 89.
15. See footnote 12, supra.
16. See No. 90.90 Jury Instruction Forms Utah.
17. See footnote 13, supra.

evidence and that they, "should not consider, nor be influenced by any statement of counsel as to what the evidence is, unless they stated correctly, nor by any statement of counsel of facts now shown in evidence, if any such have been made. * * *" It is thus plainly apparent to the jury that such an argument is merely the suggestion of counsel and that it is not evidence. It is often said euphemistically that the purpose of counsel's argument is to "assist" the jury in arriving at its verdict. More realistically it is to persuade the jury to his point of view in advocating the cause of his client.

The jury is entitled to base its determination as to any amount awarded for pain and suffering upon the evidence with respect thereto, judged against the background of their experience and practical knowledge in the everyday affairs of life. If the argument has any valid purpose, and we recognize that it has, it is to discuss the issues in the case with them in that light. One of these is the question of the amount of damages the plaintiff may be entitled to for pain and suffering. To say that he could not talk about nor suggest the amount would, for all practical purposes, prevent him from talking about that issue. If he can talk about it at all and mention some gross figure, which it has always been assumed he could do, it would seem no more harmful to invite the jury's attention to a process of analysis and reasoning with re-spect thereto based upon the time involved and reasonable compensation therefor. This seems more realistic than expecting either counsel or the jury to reach into the air and grab some arbitrary figure without making such analysis.

For the foregoing reasons it is my opinion that the trial court committed no error in permitting the argument made and I think that this Court should forthrightly meet the issue and so declare.

WADE, J., concurs in the concurring opinion of CROCKETT, C. J.