Joseph E. SLEEMAN, Plaintiff,

v.

The **CHESAPEAKE AND OHIO RAIL-
WAY COMPANY**, a Virginia cor-
poration, Defendant.

**Civ. A. No. 5086**

United States District Court
W. D. Michigan, S. D.

Sept. 9, 1969.

Rhoades, McKee & Boer, Grand Rapids,
Mich., for plaintiff; F. William McKee,
Grand Rapids, Mich., of counsel.

Paul O. Strawhecker, Grand Rapids,
Mich., Robert A. Straub, Southfield,
Mich., for defendant.

OPINION

FOX, District Judge.

This case is before the court on re-
mand from the Sixth Circuit Court of
Appeals for recomputation of damages.
The recomputation involves reduction to
present worth of plaintiff's damages,
awarded by the court, for loss of future
earning capacity.

At the trial of this Federal Employers'
Liability Act case, the court computed
plaintiff's damages for loss of earning
capacity by applying two adjusting fac-
tors to the gross amount of its award.
These factors were a present worth dis-
count and an inflationary factor to al-
low for probable future wage increases.
The court felt that the present worth re-
duction, which was five per cent under
Michigan law, would be offset by future
wage increases and thus found it un-
necessary to raise or lower the gross
amount of its award.

The Sixth Circuit reversed and
remanded on this point only in 414 F.2d
305, decided July 25, 1969. It was held
that, as a matter of federal law in Fed-

eral Employers' Liability Act cases, a present worth reduction must be applied to an award of future earnings, citing C & O Ry. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916). As to future wage trends, the Sixth Circuit found no basis in the record to support such an offset in this case, citing McWeeney v. N. Y. N. H. & H. RR., 282 F.2d 34 (2d Cir. 1960). Plaintiff's damages for loss of future earnings will therefore be recomputed to harmonize with the mandate of the Court of Appeals. In making such a recomputation, this court is faced with the problem of applying the proper present worth formula.

First, since a present worth reduction has been held to be required as a matter of federal law, it would therefore be improper to use the Michigan five per cent formula, which was applied at the trial of this case, to effect this reduction. General state law can be neither binding nor particularly instructive when applying similar federal standards to specific areas of federal law. Therefore, the court will look to federal law, and in particular to that law as developed in Federal Employers' Liability Act cases, for guidelines to apply in reducing this award to present worth.

The case of C & O Ry. v. Kelly, supra, which this court has been directed to follow, does require a present worth reduction in Federal Employers' Liability Act cases, but gives no indication of a specific formula to be used. The language of that case directs only "that adequate allowance be made, according to the circumstances, for the earning power of money * * *." No more detailed rule or formula was adopted; in fact, the Supreme Court expressly declined the opportunity to do so. Thus, Kelly should be considered merely a statement of general principle, a flexible rule capable of varying implementation as dictated by circumstances. Therefore, in following Kelly, this court must apply a present worth reduction that meets the test of adequacy and reasonableness.

Such a reasonable formula has been adopted by trial judges in the Second

Circuit, and was approved by the Second Circuit Court of Appeals in McWeeney v. N.Y. N.H. & H. RR., supra. McWeeney was also a Federal Employers' Liability Act case. The Court of Appeals, in discussing the calculation of damages for loss of future earnings, stated 282 F.2d at page 35:

■ Only three elements need now be found in determining damages from loss of earning power in a total disability case—future normal earning power, expectancy, and discount factor.[3] The third is charged by the

3. In a partial disability case there is a fourth, plaintiff's post-accident earning power.

court, often accompanied, as it was here, by a rule of thumb formula to simplify the jury's task.

The rule of thumb referred to above is contained at page 42 of the District Court's unpublished jury charge:

"To determine the present cash value or worth of future loss of earnings, if any, which you may award, you may use the following rule of thumb: discount or reduce the estimated future loss by a per cent equal to the number of years it is assumed that the loss will be sustained. In other words, in the illustration which I gave, I think I referred to a 21-year period of work expectancy. You discount the total by 21 per cent."

This often applied rule of thumb has thus been adopted by other federal courts as a reasonable and adequate procedure to effect a present worth reduction in Federal Employers' Liability Act cases. The court sees no reason why it should not be applied in this case.

The defendant objects to the adoption of this formula. It has attempted to introduce, for the court's consideration, testimony concerning the present value of plaintiff's damage award. It has also sought a hearing for the purpose of introducing such testimony.

*I.  Defendant's objection to the rule of thumb.*

The thrust of defendant's objection to the often used rule of thumb is simply that it leaves too much of plaintiff's judgment intact. This objection, which reflects defendant's persistent attempts to whittle down this award, is entirely inconsistent with the clearly enunciated policy of the Supreme Court with respect to Federal Employers' Liability Act cases. That Court, in Rogers v. Mo. Pac. R. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, 501 (1957), emphasized the "special features of this statutory negligence action," enacted "because the Congress was dissatisfied with the common law duty of the master to his servant." The Court stated, 352 U.S., at page 509, 77 S.Ct., at page 450, 1 L.Ed.2d at page 501:

> Some say the Act has shortcomings and would prefer a workmen's compensation scheme. The fact that Congress has not seen fit to substitute that scheme cannot relieve this Court of its obligation to effectuate the present congressional intention by granting certiorari to correct instances of improper administration of the Act and to prevent its erosion by narrow and niggardly construction.

This case does not justify a "narrow and niggardly" construction in favor of an employer-tortfeasor whose parsimony in planning, construction and maintenance of its yard where passenger and freight comingled was a proximate cause of the railroad employee's crippling and disabling injuries.

The hallmark of the Federal Employers' Liability Act is concern for the welfare of injured employees. The Congress intended this essentially humanitarian legislation to be liberally applied to provide a full remedy to those within the scope of its protection. The courts were charged in Rogers to exercise vigilance to effect this legislative purpose. Applying that principle, it is clear that to allow defendant's objection to the rule of thumb would violate this duty. It would promote the very erosion of the spirit of the legislation that was condemned by the Rogers court.

On the contrary, this court finds the often used rule of thumb to be well suited to the special nature of Federal Employers' Liability Act actions. That it does not aggressively protect the employer's purse is, in this context, wholly to its credit. Its use will avoid a "narrow and niggardly" application of the statute, which, as noted above, would be particularly unjust as applied to the plaintiff in this case. The rule is thus not only in harmony with the policy expressed in Rogers, but also provides the reasonable and adequate present worth reduction required by *C & O v. Kelly*, supra, reading that case in light of the subsequent Rogers opinion.

In addition, to apply the often used rule of thumb would not be inconsistent with the evidence presented at trial. The record contains some testimony on present worth reduction, but it relates to the Michigan five per cent rule only. This is hardly material when a federal standard is to be applied. The same testimony also assumes a work life expectancy substantially different from that adopted by the court. Thus, any calculations contained therein are of dubious relevancy to the present computation. Therefore, faced with the choice of attempting to, in effect, apply Michigan law or applying an often used rule in federal courts, the court will choose the latter.

*II.  Defendant's request to introduce further evidence and for a hearing.*

Having made the above decisions, the court desired to render its judgment on remand from the bench. This did not involve a hearing of any kind, but was merely a formal announcement of the court's conclusions in this matter. The parties were so informed. Plaintiff's counsel was unable to attend and was advised that, since there was to be no adversary proceeding, it would be sufficient to send a representative, unfamiliar with the details of the case, to substitute for him.

However, before reading the decision from the bench, the court permitted defendant's counsel to put a statement on the record. He at that time sought to introduce documents bearing on the court's judgment. These documents were not accepted, and defendant's motion to have them marked as exhibits is hereby denied.

Defendant thus attempted to convert the court's reading of its decision into an opportunity to present evidence. It has persisted in this attempt by subsequently filing what is characterized as a motion for reconsideration.

The above is the context in which defendant asserts a right to further proceedings in this matter. However, defendant cannot, for a number of reasons, be allowed to further delay the effect of this judgment.

■ First, the court's recalculation on remand from the Court of Appeals is to be based solely on federal case law and the record at trial. Defendant had adequate opportunity to offer evidence on present worth at that time, and indeed did so. His current requests, both for introduction of evidence and for a hearing, are an attempt to expand the record. As such, they are not consistent with the scope of the court's duty on remand, and cannot be granted.

Second, defendant's newly offered evidence consists of calculations that were understood neither by counsel nor by this court. They were not subject to cross-examination. They related only to the Michigan present worth reduction rule, and were therefore immaterial. Thus, even if an expansion of the record were allowed, defendant's offer of evidence could not be accepted.

Finally, defendant's efforts to prolong this case result in unjustified hardship to the injured employee who is seeking the protection of the Federal Employers' Liability Act. This delay is itself a violation of the spirit expressed by the Supreme Court in Rogers, supra. The defendant is in the interesting position of arguing that plaintiff's judgment should be subject to further present worth reduction, while at the same time effectively delaying plaintiff the benefit of any payment under the judgment rendered by this court. To allow the party who is liable for plaintiff's injuries to succeed at this device is, in this court's opinion, injustice compounded.

The court is also aware that delay can be a tool applied to force a needy plaintiff into settlement. This must not be encouraged. Plaintiff should not be required, because of economic need in this period of extraordinary high costs, to accept less than what is due him in this case.

For example, since defendant has succeeded in delaying any payment for almost a year since the original entry of judgment by this court, it has gained a windfall in the amount of the present worth reduction subtracted from future earnings of one year.[1] When plaintiff finally receives payment, he will therefore not get full compensation for his loss for this year. Under the rule of thumb, he would receive $87.33 less. Under the defendant's calculations, he would receive approximately $435 less than his loss of earnings.

Since further proceedings in this matter, even if within the scope of the court's function on remand, could only serve to continue delay, they should be avoided in

1. Defendant received an additional windfall with respect to damages for future pain and suffering.
Both the court and plaintiff were unaware at the trial of this case of the line of federal cases holding that an award of damages for future pain and suffering need not be reduced to present worth. See C & NW RR. v. Candler, 283 F. 881, 28 A. L.R. 1174 (8th Cir. 1922). Texas & Pac. RR. v. Buckles, 232 F.2d 257 (5th Cir. 1956), Schirra v. Del. L. & W. RR., 103 F.Supp. 812 (M.D.Pa.1952), Hanson v. Reiss Steamship Co., 184 F.Supp. 545 (D. C.Del.1960). Because of this unawareness, the court's award for future pain and suffering, which was discounted to present worth, will not be altered at this time.

the interest of facilitating plaintiff's realization of his judgment.

III. *Recalculation of plaintiff's damages.*

For the above reasons, the court believes the often applied rule of thumb, applied to the record at trial, should be used in reducing plaintiff's award for loss of future earning capacity to present worth.

Accordingly, these damages are recomputed as follows:

| | |
|---|---|
| Work life expectancy of 6.7 years times current yearly income of $8,733.12 | $58,511.90 |
| Less present worth discount of 6.7:% | 3,920.30 |
| | $54,591.60 |

The present worth reduction thus lowers the total damage award from $88,671.08 to $84,750.78. Judgment will be entered for this amount.