Bernard C. **TAYLOR**, Plaintiff-Appellant,

v.

The **DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY**, a corporation, Defendant-Appellee.

No. 386–70.

United States Court of Appeals, Tenth Circuit.

Feb. 26, 1971.

Ladders, Inc., 455 S.W.2d 594 (Tenn. 1970) were not deemed retroactively to

have changed the law with respect to buyers.

352

Louis N. Crill, Minneapolis, Minn. (Harvey P. Wallace and C. Thomas Bastien, Denver, €olo., on the brief), for plaintiff-appellant.

Ernest Porter, John S. Walker, Jr. and James F. Pamp, Denver, Colo., on brief for defendant-appellee.

Before HILL, SETH and HOLLO-WAY, Circuit Judges.

HILL, Circuit Judge.

This case was brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for damages suffered by Taylor, a railroad employee, in a railroading accident. The facts are not critical on appeal inasmuch as the trial court directed a verdict against the Railroad on the issues of negligence and contributory negligence, and no appeal is taken from those rulings. Trial was to a jury which returned a verdict of $30,000. Taylor now appeals, urging that there were erroneous instructions; that prejudicial evidence was admitted; and that the award of the jury was inadequate.

The first allegation of error is directed to the instruction which required the jury to reduce any award for future pain and suffering to its present value. There is no dispute but that when computing damages for the impairment of earning capacity, the award must be reduced to its present value. But appellant submits that loss of future earnings are capable of reduction to present worth because they can be computed by mathematical formula; that is, upon the evidence a jury is able to fix a separate yearly value on the diminished income and thereafter compute the present value of that sum. Contrariwise, pain and suffering do not lend themselves to such arithmetic calculations and thereby should not be treated the same.

The sparse authority on this issue seems to accord with appellant's view, beginning with the early case of Chicago & N.W. Ry. Co. v. Candler, 283 F. 881 (8th Cir. 1922). In that suit the defendant-appellant had unsuccessfully re-

quested an instruction on reduction of future pain and inconvenience to present worth. The court stated that the present value rule as to future pecuniary loss is acceptable because the jury, from evidence received, can determine with reasonable certainty the amount to be earned during each year of the estimated life and then reduce the several annual sums to their current value. That court further concluded that this process is not feasible in computing damages from future pain and suffering. In the first place, there is no standard for measuring this kind of damage, as there is with loss of wages. The only evidence bearing on the issue is the extent of the injury and the resulting effects. Upon that evidence the jury is asked to allow what they consider a reasonably compensatory sum. The Eighth Circuit concluded: "we are convinced that a jury would be much more likely to return a just verdict, considering the estimated life as one single period, than if it should attempt to reach a verdict by dividing the life into yearly periods, setting down yearly estimates, and then reducing the estimates to their present value."

Since that decision, a number of courts have adhered to this rationale. Hanson v. Reiss Steamship Company, 184 F.Supp. 545 (D.Del.1960), an admiralty case, held that allowances for future pain and suffering are not subject to reduction to present worth. The same rule was given cognizance in Sleeman v. Chesapeake & Ohio Railway Co., 305 F.Supp. 33 (W.D.Mich.1969), also a FELA case. Likewise, in other FELA cases, Texas & Pacific Railway Co. v. Buckles, 232 F.2d 257 (5th Cir. 1956), and Schirra v. Delaware, L. & W. R. Co., 103 F.Supp. 812 (M.D.Pa.1952), the courts held that the better reasoned authority supports the rule that future pain and suffering should not be reduced to current worth. Although most cases considering the issue are somewhat dated, appellee has cited no contrary authority, and we have found through our own research that most courts that have dealt with the question accord with Candler. Annot., 60 A.L.R.2d 1347, 1352–1353 (1958); Annot., 77 A.L.R. 1439, 1451–1453 (1952); Annot., 28 A.L.R. 1177, 1178–1181 (1924); 22 Am.Jur.2d Damages § 108; 25 C.J.S. Damages § 94.

The language of the instruction used by the trial court follows that set out in Mathes and Devitt, Federal Jury Practice and Instructions § 76.12 (1965). However, in the recent edition of 2 Devitt & Blackmar, Federal Jury Instructions (2d ed. 1970), the authors have deleted the requirement of reducing damages for future pain and suffering to present value. In the Notes following section 78.13 it is said that the former instruction was altered "on the ground that such a requirement is not a part of the law of most states." Appellee offers no plausible or convincing alternative and we are persuaded by the cases contrary to their position.

The only tenable argument posited by appellee is that adequate objection was not made to the instruction. Rule 51, F.R.Civ.P., 28 U.S.C., requires the objecting party to state "distinctly the matter to which he objects and the grounds of his objection." Here counsel for appellant said: "I object to the instruction relative to present value as to pain and—future pain and suffering as I believe the law is that it is applicable only to future lost wages." That statement is adequate under the rule. It identified the objectionable instruction and denoted the legal grounds for the objection.

We have previously stated that the purpose of Rule 51 is to "prevent a litigant from taking advantage of an error which could be rectified by the court if called to its attention by proper objection * * *." Smith v. Welch, 189 F. 2d 832, 836 (10th Cir. 1951). And if the objection properly calls the alleged error to the court's attention and relates to the court that an exception is taken to the instruction, the requirement of the rule is met. Employers' Liability

**354**

Assurance Corporation v. Maes, 235 F. 2d 918 (10th Cir. 1956). The objection in this case meets that test.

In the area of mitigation of damages the court instructed: "Plaintiff is not entitled to recover damages from the Defendant if any he is entitled to, for loss of earnings for such period of time during which Plaintiff did work, nor is Plaintiff entitled to recover damages for loss of earnings for such period of time which Plaintiff could reasonably have earned compensation for his work but failed to do so."

From the record made when appellant objected to this instruction and from the appellate briefs of both litigants, it appears that there is no quarrel with the law on this question. Appellant is entitled to the difference between what he was able to earn prior to his injury and what he earned or could have earned thereafter. The difference of opinion is directed only to whether the instruction adequately conveys the essence of that rule. Taylor argues that the instruction was not a proper characterization of the law, in that it says he was not entitled to recover damages (1) for any period of time he actually worked; and (2) for any period of time he could reasonably have worked. A plain reading of the instruction convinces us of the correctness of appellant's argument.

Another allegation of error concerns the instruction on proximate cause. The only argument is that the trial court did not give appellant's requested instruction. We have held on numerous occasions that an appellant is not entitled to have the court instruct the jury in any particular words or in the language of his requested instructions, and he may not complain so long as the court's instructions are clear, correct and adequate. Elbel v. United States, 364 F.2d 127 (10th Cir. 1966); Sanseverino v. United States, 321 F.2d 714 (10th Cir. 1963). We need not consider the merits of this argument, however, for the record reflects that proper

objection was not tendered as required by Rule 51, F.R.Civ.P., 28 U.S.C.

Because of the disposition of the case, two other contentions need not be decided. The first relates to prejudicial and inflammatory testimony allowed during trial. As soon as the testimony was uttered, the trial court instructed the jury that it was immaterial, not impeaching testimony and should be completely disregarded. Being fully aware of the nature of the testimony, we are fully confident that upon retrial it will be excluded. The second contention which we need not consider regards the inadequacy of the verdict.

The judgment appealed from is accordingly set aside and the case is remanded for a new trial only on the issues pertaining to damages.