Tomas R. TREJO, Plaintiff-Appellee,

v.

The DENVER & RIO GRANDE WESTERN RAILROAD COMPANY, Defendant-Appellant.

No. 76–1654.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 15, 1977.

Decided Dec. 27, 1977.

Richard I. Ashton, Salt Lake City, Utah (Orrin G. Hatch and Hatch & Plumb, Salt Lake City, Utah, on the brief), for plaintiff-appellee.

Kenneth W. Yeates, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy, Gerald R. Miller and Russell J. Gallian, Salt Lake City, Utah, on the briefs), for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this action under the Federal Employers' Liability Act, FELA, 45 U.S.C. § 51 et seq., judgment was entered on a jury verdict for the plaintiff in the amount of $140,-000. We reverse for trial errors.

Defendant-appellant Denver & Rio Grande Western Railroad Company, an interstate common carrier, employed plaintiff-appellee Trejo as a section laborer on a work train in Utah. In late March or early April 1974, he was unloading creosote-soaked ties from a slowly moving gondola car. The bottom of the car was slippery with creosote which had dripped out of the ties. Plaintiff slipped and fell. No witness was able to pinpoint the exact day of the occurrence. Plaintiff reported the mishap to his superior and continued working. No formal accident report was made to the Company.

Although he complained of pain and fatigue, plaintiff kept on working until sometime in September, 1974, when he quit voluntarily. The medical testimony was contradictory. Doctors for the plaintiff testified that he had cervical and lumbar disc disorders; that two operations, one on the neck and one on the lower back, were required and that he was 40% to 60% disabled. The substance of the testimony of two doctors for the Company was that plaintiff was a malingerer.

After leaving his job as a section laborer, plaintiff sought light work from the Company and from his union but did not obtain any. A qualified witness for the plaintiff projected his potential earnings through age 70 and placed the value thereof on the date of the accident at $161,651.

The court, over the Company's objections, instructed the jurors that if they found plaintiff was entitled to a verdict, then in arriving at the amount of an award they "should include * * * the reasonable value, not exceeding the actual cost to the plaintiff" of medical and hospital treat-

ment incurred because of the injuries "or reasonably certain to be incurred in the future."

The following colloquy occurred out of the presence of the jury and before the court gave its instructions to the jury:

THE COURT: I want to know whether you folks will stipulate to what my law clerk tells me is a fact. I haven't examined the file. Number one, the amount of damages prayed for are general, $250,000; loss of wages and impairment of income, $161,651.53. No special damages specified. Of course the amount of costs are not established yet. What about the specials?

MR. HATCH [attorney for plaintiff]: Your Honor, he is going to need two operations but we introduced no testimony.

THE COURT: He has already had doctor bills.

MR. HATCH: Those bills were paid by the Company and we think those bills should normally come in but we didn't want to test it in this particular case.

THE COURT: All right.

MR. HATCH: However, we think that there is a natural inference from the—

THE COURT: Well, I am not interested in that * * *."

The FELA provides, 45 U.S.C. § 53, that contributory negligence of an injured employee shall not bar recovery, "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." The Company pleaded contributory negligence as a defense. The court instructed the jury on both contributory negligence and comparative negligence.

With general regard to the instructions, it should be noted that Judge Ritter, who presided over the trial, did not comply with Rule 51, F.R.Civ.P. and with our decisions applying that rule. See e. g. *Dunn v. St. Louis-San Francisco Railway Company,* 10 Cir., 370 F.2d 681, 683–684. Counsel for each party submitted written requests for instructions. The record contains no indication that the judge informed the parties of his proposed action on the requests before charging the jury, as required by Rule 51. Although counsel for each party requested special verdicts, the case was submitted to the jury on a general verdict. As returned by the jury that verdict read:

"We, the jury, find in favor of the plaintiff and against the defendant.

We, the jury, further find and fix plaintiff's damages in the sum of $140,000 as general, special and compensatory damages."

The record contains no evidence of any special damages. Plaintiff's counsel conceded that the Company had paid the plaintiff's medical expenses incurred and said he was not seeking recovery for those expenses.

In spite of the evidentiary failure and explicit waiver, the court told the jury that in arriving at an award for the plaintiff it should include the actual cost to plaintiff for medical and hospital treatment. It is elementary that the evidence introduced must warrant the giving of an instruction. *Smith v. Mill Creek Court, Inc.,* 10 Cir., 457 F.2d 589, 592. Moreover, plaintiff's counsel's waiver of any claim for those bills bars recovery thereon. See *Wantland v. Illinois Central Railroad Company,* 7 Cir., 237 F.2d 921, 926, a FELA case.

To support the instruction and the verdict, plaintiff argues that the court told the jury that its award must be based on the evidence presented; that there was no evidence of pre-trial medical expenses incurred by the plaintiff, and that it must be presumed that the award was not based on such medical expenses. We are not convinced. The jurors might well have concluded that medical expense is an inevitable cost of an injury and have drawn a reasonable inference that an award could include an estimate of such expense. The general verdict does not disclose whether they did so. In the circumstances, the instruction on special damages was wrong.

As to future medical expense, the evidence was that plaintiff would require two operations but it did not disclose the cost or

probable result of those operations. The Company argues that the statement of defense counsel quoted above was a waiver of damages for future medical expense. We are in doubt. The trial court cut off counsel's statement. Because we are remanding for trial on damages, we decline to consider the point. In further proceedings the plaintiff should make his position clear and due regard should be had for the principle of reasonable certainty of future damages. See e. g., *Whiteis v. Yamaha International Corporation,* 10 Cir., 531 F.2d 968, 972, cert. denied 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135, and *Blim v. Newbury Industries, Inc.,* 10 Cir., 443 F.2d 1126, 1129.

The court refused to give the Company's requested instruction that plaintiff was required to mitigate his damages by exercising reasonable efforts to find other employment. Normally, in a FELA action a plaintiff is entitled to recover the difference between what he was able to earn before injury and what he earned or could have earned thereafter. See *Taylor v. Denver & Rio Grande Western Railroad Co.,* 10 Cir., 438 F.2d 351, 354, and *Baker v. Baltimore & Ohio Railroad Company,* 6 Cir., 502 F.2d 638, 644.

■ Plaintiff argues that because of his age, language difficulties, education, and physical condition, he was unemployable as a matter of law. The record shows that his only efforts to secure employment were to ask the Company if light work was available for him and to ask his union for light work. The Company's refusal of light work did not estop it from raising the question of mitigation. A party is entitled to an instruction based on his theory of the case if there is record evidence to support it. See *Lopez v. Southern Pacific Co.,* 10 Cir., 499 F.2d 767, 772, and *General Motors Corp. v. Walden,* 10 Cir., 406 F.2d 606, 608. The question whether the conduct of plaintiff was reasonable effort in the circumstances was a question of fact for the jury under proper instructions. The refusal to give the requested instruction was error.

■ The court's instructions on comparative negligence and the Company's standard of care, although not perfect, contain no misstatements substantially affecting the rights of either party. We find no merit in the Company's objections to these instructions.

■ The Company offered, and the court rejected, testimony of a supervisor that seepage of creosote to the floor of the gondola was unavoidable. The testimony was cumulative to that previously received. The court did not abuse its discretion in refusing the offer.

■ The question remains whether we should remand for another full trial or whether we should order retrial only on the question of damages. FELA recognizes comparative negligence. 45 U.S.C. § 53. In *Norfolk Southern Railroad Company v. Ferebee,* 238 U.S. 269, 35 S.Ct. 781, 59 L.Ed. 1303, the Court upheld a remand limited to damages where a special interrogatory had disposed of a claim of contributory negligence. In so doing it said that damages and contributory negligence were normally so interwoven in a FELA case that it would rarely be proper "to submit to a jury the question of damages without also permitting them to consider the conduct of the plaintiff at the time of the injury." Ibid. at 273, 35 S.Ct. at 782. The Court cautioned that partial new trial should be granted only if it "clearly appear[s] that the matter involved is entirely distinct and separable from other matters involved in the issue * * * and that no possible injustice can be done to either party" by limiting the issues on retrial. Ibid. at 274, 35 S.Ct. at 783. See also *Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 500 [51 S.Ct. 513, 75 L.Ed. 1188.]

In the instant case the court, without giving any reason for its actions, rejected the request of each party for special verdicts. The jury's verdict was in two parts. The first was a finding in "favor of the plaintiff and against the defendant." The second was an award of "general, special and compensatory damages." Inherent in part one is a finding that the Company was negligent. There is no reason for relitigation of that question.

We recognize that the cases are not entirely consistent on the question of a partial remand in FELA cases. See, e. g., ordering a limited remand, *Eichel v. N. Y. Central Railroad Co.,* 2 Cir., 319 F.2d 12, 20–21, reversed on other grounds, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307; *Paluch v. Erie-Lackawanna Railroad Co.,* 3 Cir., 387 F.2d 996, 1000; *Crador v. Boh Brothers, Inc.,* 5 Cir., 473 F.2d 1040, 1041; *Thompson v. Camp,* 6 Cir., 167 F.2d 733, 734. But see *Rivera v. Farrell Lines, Inc.,* 2 Cir., 474 F.2d 255, 259, cert. denied 414 U.S. 822, 94 S.Ct. 122, 38 L.Ed.2d 55; *Blue v. Western Railway of Alabama,* 5 Cir., 469 F.2d 487, 497, cert. denied 410 U.S. 956, 93 S.Ct. 1422, 35 L.Ed.2d 688. In *Taylor v. Denver & Rio Grande Western Railroad Co.,* 10 Cir., 438 F.2d 351, 354, a FELA case, we remanded for retrial on the issue of damages but did not discuss the problem.

The Company had its day in court on the issue of liability, and the jury found it liable. The erroneous instructions regarding damages in no way prejudiced that finding, and the Company is not entitled to a second chance to convince another jury that it was not negligent. The plaintiff submitted his case to a jury and persuaded that jury that the railroad was liable. He has a legitimate and important interest in the finality of that judgment, and should not, because of erroneous instructions on damages, be required to relitigate the issue of liability. Where, as here, we can protect the plaintiff's interest in the determination of liability without prejudicing the rights of the defendant, we should do so. See *Eichel v. N. Y. Central Railroad,* 2 Cir., 319 F.2d at 20–21; and *Cromling v. Pittsburgh and Lake Erie Railroad Co.,* 3 Cir., 327 F.2d 142, 152–153.

The comparative negligence provision of FELA says that the amount of damages may be diminished in proportion to the employee's contributory negligence. On remand the jury will be instructed that the Company's liability has been conclusively adjudicated. The Company will have the burden of proving contributory negligence. The plaintiff may counter with evidence of the Company's negligence for consideration by the jurors in determining the comparative negligence of the parties. See *Cromling,* 327 F.2d at 153. We believe that this result is fully consonant with *Norfolk Southern Railroad v. Ferebee,* 238 U.S. 269, 35 S.Ct. 781, 59 L.Ed. 1303.

Reversed and remanded for new trial only on the issues pertaining to damages.