**Stephen J. WILLIAMS, Plaintiff–Appellee,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Defendant–Appellant.**

**No. 92–7069.**

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1993.

A. Camp Bonds, Jr. (Teddy J. Abbott and Juliet N. Brennan, with him on the brief) of Bonds, Matthews, Bonds & Hayes, Muskogee, OK, for defendant-appellant.

Roy C. Dripps (Gail G. Renshaw, with him on the brief) of The Lakin Law Firm, Wood River, IL, for plaintiff-appellee.

Before BALDOCK, Circuit Judge, BRIGHT * and McWILLIAMS, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Missouri Pacific Railroad (MoPac) appeals an adverse award in favor of its former employee, Stephen Williams, under the Federal Safety Appliance Act (FSAA), 45 U.S.C. § 1 *et seq.* and the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* MoPac contends the special damages awarded by the jury for loss of earnings ($1,113,000.00) and medical expenses ($1,904,000.00) exceeded substantially the proof submitted by Williams for those special losses. We agree and direct a new trial solely on the issue of damages.

## I. Background

Williams, thirty-seven years old at the time of the accident, worked for MoPac since 1974 as a switchman. On February 9, 1991, as Williams set the hand brake on a MoPac railcar, he felt the wheel slip, causing him to lose balance. The slack action of the train then knocked Williams to the ground.

The train rolled over Williams, requiring amputation of his left leg just below the knee and of three toes from his right foot. Williams remained hospitalized for three weeks, and then was confined to a bed for a

---

* The Honorable Myron H. Bright, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

couple of months, until May, 1991. During that period an infection necessitated a second surgery following a problematic skin graft.

At trial medical experts testified that Williams' injuries were unusual and complicated, and would result in substantial medical expenses in the future for replacement protheses, medicine, equipment, possible future surgery, and recurrence of infections.

MoPac stipulated that the hand brake in question "was not in proper working condition." The jury found MoPac liable under both FELA and FSAA, and substantial evidence supports the verdict. MoPac does not challenge its liability on appeal.

The district court read the following instruction to the jury:

> If you find that the plaintiff is entitled to recover from the defendant on either or both of his causes of action, you must then fix the amount of money which will reasonably compensate the plaintiff for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant:
>
> 1. The nature, extent and duration of the plaintiff's injuries;
>
> 2. Plaintiff's loss of earnings to dates [sic] and any loss of future earnings as a result of his injuries;
>
> 3. Any reasonable expense of necessary medical care, treatment and services received, and reasonably certain to be received in the future by the plaintiff;
>
> 4. Any pain and suffering experienced, and reasonably certain to be experienced in the future by the plaintiff.

(Appellee's Supp.App. at 107.) The verdict form submitted to the jury included all elements as read in the instruction except for the additional category of "[t]he nature, ex-

tent and duration of the plaintiff's injuries." The jury's completed verdict form provided as follows:

### DAMAGES VERDICT FORM

(Either Cause or Both Causes of Action)

(USE THIS FORM *ONLY* IF you have entered a verdict on Verdict Forms Nos. 1 and/or 3 or 5.)

We, the jury, find the total amount of money damages sustained by the plaintiff Stephen J. Williams, on either or both causes of action, to be as follows:

$ 1,113,000.00 for past and future loss of _____ earnings;
$ 1,904,000.00 for past and future medical _____ expense;
$ 117,000.00 for past and future pain and _____ suffering.

(Appellant's App. at 27.)

Williams presented evidence of his future medical expenses in a "Life–Care Plan." The greatest amount of medical damages supported by this testimony, when reduced to present value and including a disputed unpaid bill of $600.00 for past medical expenses, totaled $281,870.00.[1] The jury awarded Williams $1,904,000.00 for past and future medical expenses, the amount exceeding Williams' proof by $1,622,130.00.

Each party presented expert testimony pertaining to Williams' future work potential. Ed Gormanson for MoPac stated that Williams would be able to perform his former job with some difficulty. Dr. Cullen J. Mancuso, also a defense witness, testified that Williams "would probably be restricted to light or sedentary work." (Appellant's App. at 42.) Williams' expert, Dr. Frank Tull, similarly opined that Williams would have to be retrained for work other than what he previously performed; "something that is, for the most part, sedentary." (Appellee's

---

1. The parties differ on the precise amounts testified to by Williams' expert, Dr. Clifford Wheeler. For purposes of this appeal, our resolution does not require determination of the exact numerical figures presented.

Supp.App. at 67.) The evidence further established that Williams had previously completed two years of post-secondary education.

Through MoPac's Wage Continuation Program applicable from the occurrence of the accident to the time of the trial, Williams received all but $13,000.00 to which he was entitled. Williams also presented evidence of future loss of earnings, based on a remaining work life of 23.6 years and a life expectancy of thirty-nine years. The most pessimistic earnings outlook, if Williams could never work again, produced the greatest figure for lost earnings, equaling $965,490.00. The jury awarded $1,113,000.00 for past and future loss of earnings; this amount exceeds Williams' proof by $134,510.00.

Williams also received $117,000.00 for past and future pain and suffering, for a total compensatory damage award of $3,134,000.00.

## II. Discussion

MoPac challenges as excessive the amounts awarded for special damages: $1,113,000.00 for past and future loss of earnings and $1,904,000.00 for past and future medical expenses. These amounts, totalling $3,017,000.00, exceed Williams' proof by $1,756,640.00. Additionally, MoPac contends that the district court abused its discretion upon refusing to examine the jurors.[2]

■ A FELA plaintiff, upon proof of employer liability, may recover damages for loss of earnings, medical expenses and pain and suffering. See Leonard B. Sand et al., 4 *Modern Federal Jury Instructions (Civil)*, ¶ 89.04, at 89–58 (1993). The burden rests upon the plaintiff to establish by sufficient evidence a factual basis for the amount of damages sought. See *Chesapeake & Ohio Ry. v. Kelly*, 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916) (determination of damages in a FELA action governed by the same general principles of law applied in the federal courts); *Jones v. Consolidated Rail Corp.*, 800 F.2d 590, 593 (6th Cir.1986)

(same). An excessive award of damages which results from jury passion and prejudice requires a new trial. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1561 (10th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992).

■ Clearly the amounts awarded for the special damages cannot stand. Unlike general damages for pain and suffering, which are not susceptible to proof by a dollar amount, medical expenses and loss of earnings must be proved by evidence demonstrating the reasonable value of those losses.

■ Williams failed to establish a factual basis for the amounts awarded on the special damages. In addition, we reject Williams' argument that the difference in the total amounts awarded and the figures established at trial are attributable to the discrepancy between the oral jury instruction and the verdict form and that in any event, the total award is not excessive. We must examine each award by the jury for a determination of whether each award has evidentiary support or is otherwise proper. It may be that the jury in this case, in light of its overgenerous award for loss of earnings and medical expenses, reduced its award for pain and suffering. Thus, on remand all elements of damage need be reconsidered by the jury.

■ The excessiveness of the amounts awarded for medical expenses and lost earnings cannot stand absent evidentiary support. Consequently, we must vacate the award of special damages. On retrial, to avoid possible confusion, the jury should be advised that past medical expenses, except for the $600.00 bill, have been paid and thus may not be estimated and added to the award. The jury may receive such information. See Fed. R.Evid. 409. Evidence of past medical expenses is inadmissible to prove liability, but liability will not be an issue on retrial.

## III. Conclusion

The plaintiff sustained very serious injuries. The jury's award as to specific items of

---

**2.** According to MoPac, one jury member was from a small town that "just had an accident involving [MoPac] which took the lives of four teenagers." (Appellant's Br. at 13.) In addition, the evening before the jury rendered its verdict,

the local news presented a broadcast on MoPac's profit for the prior year. Because MoPac does not contest the jury finding of liability and based on our resolution of the damages issue, the juror examination claim is moot.

**136**

damage, however, fails to represent a rational appraisal of Williams' evidence. Accordingly, we vacate the jury's verdict on the amount of damages awarded and remand for retrial solely on that issue. *Accord Trejo v. Denver & Rio Grande W. R.R.,* 568 F.2d 181, 184–85 (10th Cir.1977).