Steven O. KAUZLARICH, Respondent,

v.

The ATCHISON, TOPEKA, AND SANTA
FE RAILWAY COMPANY,
Appellant.

No. 77771.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1995.

Rehearing Denied Dec. 19, 1995.

R.B. Miller, III, Jeffrey P. Ray, Kansas City, for Appellant.

David L. Blunt, John H. Leskera, St. Louis, for Respondent.

COVINGTON, Judge.

Atchison, Topeka and Santa Fe Railroad Co. (Santa Fe) appeals a trial court judgment entered after a jury verdict awarding Steven O. Kauzlarich (Kauzlarich) $1,500,000 in damages under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1988) ("FELA" or "Act"). After the trial court denied Santa

Fe's motion for new trial and alternative motion for remittitur, Santa Fe appealed. The Missouri Court of Appeals, Western District, affirmed. This Court granted transfer to decide whether the trial court erred in refusing to give Santa Fe's proffered instruction on mitigation of damages. The judgment of the trial court is reversed and the cause is remanded for a new trial on damages.

On October 6, 1990, Kauzlarich was injured while employed as a rear brakeman for Santa Fe. Shortly after Kauzlarich boarded a stationary engine in Santa Fe's Argentine, Kansas, yard, a second moving Santa Fe train hit the engine, throwing Kauzlarich to the floor. He suffered head and neck injuries. Kauzlarich never returned to his position as a brakeman. Except for a brief period when he attempted to train for a Santa Fe management position, he did not again return as an employee of Santa Fe.

On April 9, 1991, Kauzlarich commenced this action against Santa Fe asserting a claim for personal injury under the FELA. Five days before trial, Santa Fe filed an amended answer admitting liability and asserting an affirmative defense based on Kauzlarich's duty to mitigate damages. The case proceeded to trial solely on the issue of damages.

Following a five day jury trial, the court entered judgment on the jury's verdict awarding Kauzlarich $1,500,000 in damages. The trial court denied Santa Fe's motions for a new trial and for remittitur. Santa Fe raised five points on appeal, and the court of appeals affirmed. In its briefs before this Court, Santa Fe raised only the mitigation of damage instruction issue; therefore, that point remains the sole point on appeal. Rule 83.08.

 When adjudicating FELA cases, a state court is bound by federal substantive law. *St. Louis Southwestern Ry. v. Dickerson,* 470 U.S. 409, 411, 105 S.Ct. 1347, 1349, 84 L.Ed.2d 303 (1985). It is generally held that, in light of the remedial purpose of the FELA, the Act must be liberally construed

in favor of the injured employee. *E.g., Green v. River Terminal Ry.,* 763 F.2d 805, 806 (6th Cir.1985). A plaintiff, however, is not entitled to recover all of his or her lost future earnings. The employee may recover only the "difference between what he was able to earn before the injury and what he earned or could have earned thereafter." *Holley v. Missouri Pacific R.R.,* 867 S.W.2d 610, 615 (Mo.App.1993) (citing *Trejo v. Denver & Rio Grande Western R.R.,* 568 F.2d 181, 184 (10th Cir.1977)). An injured employee suing under the FELA has a duty to mitigate his or her damages by returning to gainful employment as soon as reasonably possible. *Hawkes v. Norfolk & Western Ry.,* 876 S.W.2d 705, 706 (Mo.App.1994). Loss of wages as a consequence of the failure to return to gainful employment is the employee's choice, rather than a proximate result of the defendant's conduct. *Holley,* 867 S.W.2d at 615. A claim that the plaintiff failed to mitigate his or her damages is an affirmative defense; therefore, the burden of demonstrating that the plaintiff's damages were lessened or might have been lessened falls on the defendant employer. *Jones v. Consolidated Rail Corp.,* 800 F.2d 590, 593 (6th Cir.1986). Whether the conduct of a plaintiff constitutes a reasonable effort to mitigate damages is a question of fact for the jury under proper instruction. *Trejo,* 568 F.2d at 184.

At the conclusion of all the evidence, Santa Fe tendered Instruction H:

> With respect to any claimed loss of earnings, if you believe that plaintiff failed to act as an ordinarily prudent person and failed to minimize his damages, you must not award plaintiff such damages as might have been prevented by reasonable efforts on his part.[1]

The trial court rejected Instruction H because it was not in the Missouri Approved Jury Instructions (MAI). Instead, the jury was instructed on the issue of damages only by a modified version of MAI No. 8.02, which read:

> In assessing damages for plaintiff, you must award plaintiff such sum as you be-

---

1. Tendered Instruction H closely follows the model instruction set forth in *Manual of Model*

*Civil Jury Instructions for the District Courts of the Eighth Circuit* § 7.06A, Notes on Use (1995).

lieve will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a result of the occurrence mentioned in the evidence. Any award of future pecuniary damages must not be included at present value. Any award you make is not subject to income tax.

In support of the trial court's rejection of instruction H, Kauzlarich does not contend that an instruction not in MAI must be refused; rather, he asserts that the question of mitigation of his damages is adequately submitted to the jury by MAI 8.02, as modified.

Ten years ago, with Missouri parties before it, the United States Supreme Court addressed a similar issue in the context of the FELA. In *St. Louis Southwestern Ry. v. Dickerson*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985), the trial court had refused to submit to the jury an instruction proposed by the defendant explaining that any future losses awarded to the plaintiff must be reduced to present value. As in the present case, the trial court's refusal was based solely on the fact that "such an instruction was not provided for in [MAI] promulgated by the Supreme Court of Missouri for use in FELA cases." *Id.* at 410, 105 S.Ct. at 1348. The submitted jury instruction on damages was limited to a modification of MAI 8.02. *Id.* The Missouri Court of Appeals, Eastern District, had affirmed the trial court's refusal, holding that a present value instruction is not appropriate under MAI. *Dickerson v. St. Louis Southwestern Ry.*, 674 S.W.2d 165, 169–70 (Mo.App.1984), *rev'd*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985). The court of appeals' ruling purported to follow an earlier opinion of this Court, which held that MAI does not call for a present value instruction in FELA cases, so no instruction should be given. *Id.; see Bair v. St. Louis–San Francisco Ry.*, 647 S.W.2d 507, 510 (Mo. banc) *cert. denied*, 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 109 (1983); *Accord Dunn v. St. Louis–San Francisco Ry.*, 621 S.W.2d 245, 253 (Mo. banc 1981) *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1007, 71 L.Ed.2d 298 (1982).

The United States Supreme Court reversed the trial court's judgment and stated:

As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. Although the Court's decisions in this area "point up the impossibility of laying down a precise rule to distinguish 'substance' from 'procedure,'" *Brown v. Western R. of Alabama*, 338 U.S. 294, 296 [70 S.Ct. 105, 106, 94 L.Ed. 100] (1949), *it is settled that the propriety of jury instructions concerning the measure of damages in an FELA action is an issue of "substance" determined by federal law. Norfolk & Western R. Co. v. Liepelt*, 444 U.S. 490, 493 [100 S.Ct. 755, 757, 62 L.Ed.2d 689] (1980). Accordingly, petitioner's contention that it was entitled to a jury instruction on present value cannot be dismissed on the ground that such an instruction is not to be found in [MAI]. *Whether such an instruction should have been given is a federal question.*

*Dickerson*, 470 U.S. at 411, 105 S.Ct. at 1348 (emphasis added).

The *Dickerson* court then noted that existing federal law clearly provided that when future payments or other pecuniary benefits are anticipated, the verdict should be made up on the basis of their present value only, *Chesapeake & Ohio Ry. v. Kelly*, 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916), and a defendant in an FELA case is entitled to have the jury so instructed. *Dickerson*, 470 U.S. at 412, 105 S.Ct. at 1348. The Court held that the Missouri court's failure to instruct the jury that present value is the proper measure of a damage award was error, being at odds with federal law. *Dickerson*, 470 U.S. at 412, 105 S.Ct. at 1348.

■ The question of whether Santa Fe is entitled to a separate mitigation of damages instruction, then, requires a determination of whether the issue of mitigation of damages in an FELA case is a substantive matter under federal law so as to require the trial court to submit it. This Court finds that it is. It is well settled that an FELA plaintiff is entitled to recover the difference between what he or she was able to earn before the injury and what he or she earned or could have earned

after the injury. *Bissett v. Burlington N. R.R.*, 969 F.2d 727, 731 (8th Cir.1992); *Trejo*, 568 F.2d at 184. In *Trejo*, trial testimony indicated that the plaintiff's only efforts to secure alternative employment were to ask the defendant employer, as well as his union, for light work. Because his request of the defendant was denied, the trial court refused to submit to the jury the defendant's mitigation instruction. *Trejo*, 568 F.2d at 184. On appeal, the plaintiff argued that he was unemployable as a matter of law; therefore, the trial court was correct in not instructing the jury on his duty to mitigate. *Id.* The United States Court of Appeals, Tenth Circuit, stating the basic rule that "[a] party is entitled to an instruction based on his theory of the case if there is record evidence to support it," held that the refusal to give a requested mitigation of damage instruction was error. *Id.* By producing evidence regarding the plaintiff's lack of effort to secure work after his injury, the defendant had sufficiently raised the issue of mitigation, a question of fact properly before the jury. As a matter of federal substantive law, therefore, the defendant was entitled to a separate instruction on the issue. *Id.; Accord Wilson v. Consolidated Rail Corp.*, 875 S.W.2d 178, 182 (Mo.App. 1994) ("FELA defendant is entitled to an instruction on the mitigation of damages if there is evidence in the record to support a finding that the plaintiff failed to mitigate his damages.").

■ Because the issue of mitigation of damages in an FELA case is a substantive matter under federal law, the trial court's refusal to allow instruction of the FELA jury on mitigation of damages is at odds with federal law on a federal question and was error.

Kauzlarich contends that Santa Fe was not prejudiced by the trial court's refusal to submit tendered Instruction H. He rests his contention on the assertion that MAI 8.02 adequately instructed the jury on the mitigation issue. The error of his contention, the insufficiency of MAI 8.02 in an FELA case as a matter of federal substantive law, is discussed above. In this case, the jury awarded damages to the plaintiff. Under these circumstances, it cannot be said that the defendant was not prejudiced.

■ Kauzlarich proffers a number of additional bases in support of the trial court's refusal to submit Instruction H to the jury. He contends that the evidence did not support a mitigation of damages instruction. Kauzlarich is incorrect. To be charged to the jury, an issue submitted in an instruction "must be supported by substantial evidence from which the jury reasonably could find such issue." *Egelhoff v. Holt*, 875 S.W.2d 543, 548 (Mo. banc 1994). In reviewing the propriety of an instruction, a court must view the evidence in the light most favorable to the submission of that instruction, and "a party is entitled to an instruction upon any theory supported by the evidence." *Id.* Viewed in the light most favorable to the submission of the instruction, Santa Fe offered substantial evidence that would allow a jury reasonably to conclude that Kauzlarich failed to minimize his damages. Testimony at trial was that, on July 15, 1992, Santa Fe extended Kauzlarich an offer to train for the supervisory position of assistant trainmaster at the Argentine yard. Kauzlarich testified that he attempted the training over a period of four to five weeks. Santa Fe's witnesses testified that Kauzlarich reported for training significantly fewer times. At the end of August Kauzlarich unilaterally withdrew from the training program. Santa Fe offered expert testimony that Kauzlarich may have been physically able to return to at least desk work and that he possibly was exaggerating his claims. With respect to Kauzlarich's diminished future wage loss claim, Santa Fe presented expert testimony projecting various wage loss scenarios if Kauzlarich had sought and obtained some other employment. Another expert testified about job opportunities in the marketplace for Kauzlarich, taking into consideration his age, educational background, employment experience and possible physical limitations. Kauzlarich's own testimony reflected that he owned and solely operated his own silkscreening business, that he graduated from high school, and that he attended two and one-half years of college. Kauzlarich had prior work experience in automobile sales, collection work, loan approval, life insurance

sales, extermination and postal services in addition to his employment with Santa Fe. The evidence supported a mitigation of damages instruction.

 In further attempt to support the trial court's refusal of Santa Fe's instruction, Kauzlarich maintains that the defendant failed to raise the defense of mitigation properly. Santa Fe's original answer to Kauzlarich's petition failed to plead the affirmative defense of mitigation of damages. Santa Fe's amended answer, which first raised the mitigation defense, was filed without leave of court or written consent of the adverse party just five days before trial. Relying on Rule 55.33(a) (1993), Kauzlarich maintains that the amendment was defective and that the defendant waived its mitigation of damages defense. *See also* Rule 55.08 (1993) ("In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense.").

Kauzlarich ignores subparagraph (b) of Rule 55.33 (1993):

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

*See also Rombach v. Rombach,* 867 S.W.2d 500, 503–04 (Mo. banc 1993). Kauzlarich did not object to the amended answer at trial; in fact, he readily accepted Santa Fe's admission of liability, set out for the first time in the amended answer. Kauzlarich adduced evidence on the issue of mitigation of damages by his own testimony, his wife's, and that of an expert witness. He further argued the reasonableness of his conduct during closing argument. Kauzlarich cannot now be heard to complain of the impropriety of Santa Fe's amended answer.

 Kauzlarich additionally maintains that Santa Fe waived its right to contest the trial court's refusal of tendered Instruction H because it failed to object to the trial court's ruling. Kauzlarich's contention is incorrect; counsel did not need to object to the refusal of any instructions that he or she requested. Rule 70.03 (1993).

Kauzlarich also contends that tendered Instruction H is not in proper form in three respects: it fails to include defendant's burden of proof; it creates a double standard on proof of damages; and it does not correctly state the law.

 Kauzlarich is incorrect in his contention that an FELA mitigation of damages instruction must contain specific language instructing the jury that Santa Fe carried the burden of proof. Although Santa Fe has the burden of proof on the issue, no language in the instruction to that effect is necessary because the burden of proof was clearly and properly set out by MAI No. 3.01. The Notes on Use to MAI 3.01 state that a burden of proof instruction is to be given in every civil case, and it must be MAI 3.01 unless another burden instruction, specific to certain causes of action, is provided. The second sentence of MAI 3.01 clearly sets forth the standard for burden of proof of all claims for all parties: "The burden of causing you to believe a proposition of fact is upon the party who relies upon that proposition." The Committee Comment to MAI 3.01 demonstrates that this sentence is sufficient to cover Santa Fe's burden of proof: "It is no longer necessary to modify the instruction specifically to refer to the burden of proof on an affirmative defense or a counterclaim because the second sentence of the instruction covers each party's burden of proof." Although not bound to follow MAI committee comments, this Court carefully considers them. *See Peak v. W.T. Grant Co.,* 409 S.W.2d 58, 60 (Mo. banc 1966). The Court agrees that MAI 3.01 sufficiently addresses Santa Fe's burden of proof.

Kauzlarich relies on two cases, *Jones v. Consolidated Rail Corp.,* 800 F.2d 590, 593 (6th Cir.1986), and *Holley v. Missouri Pacific R.R.,* 867 S.W.2d 610, 616 (Mo.App.1993), for the contrary proposition that a separate instruction must specifically direct the jury

that the defendant has the burden of proof on the mitigation issue.

In *Jones,* the United States Court of Appeals, Sixth Circuit, held it was reversible error for the trial court to submit to the jury a mitigation instruction without clear instruction as to which party carried the burden of proof on the issue. *Jones,* 800 F.2d at 594. *Jones* is distinguishable. First, unlike the present case, there appears to have been no separate instruction on the burden of proof in *Jones,* the opinion providing only that "the [trial] court stated" at the beginning of the jury instructions that the burden of proof is on "the party who asserts the affirmative of an issue." *Id.* Second, "the parties obviously did not even agree about who was asserting 'the affirmative' of [the mitigation issue], and so it seems unlikely that the unguided jury was able to perceive the correct placement of the burden of proof." *Id.* It would appear, then, that the jury in *Jones* was left completely without guidance or instruction on the defendant's burden of proof. In the present case, however, MAI 3.01 sufficiently sets out the burden of proof of all parties as to all propositions, and there was no dispute as to which party carried the burden of proof on the mitigation issue. *Jones* is not persuasive.

In *Holley,* the Missouri Court of Appeals, Eastern District, held that the trial court did not err in refusing to tender a mitigation instruction because the proffered instruction, among other things, provided no guidance with respect to which party bears the burden of proof. *Holley,* 867 S.W.2d at 616. The refused instruction in *Holley,* however, clearly failed to meet the requirements for not in MAI instructions in many respects; the instruction was argumentative, purely an abstract statement of law not requiring any factual finding by the jury, and not supported by the evidence. Rule 70.02(b). To the extent *Holley* might be read to require specific burden of proof language in an FELA mitigation instruction, it is overruled.

■ Kauzlarich is also incorrect in his contention that Santa Fe's tendered instruction improperly instructs the jury with a second burden of proof. He argues that in stating the jury must not award damages which "might" have been prevented by him, the instruction misleads the jury. The argument mischaracterizes the language of the instruction. The verb "might" does not imply a second burden of proof; it merely directs the jury to reduce its damage award by that amount Kauzlarich may have prevented "by reasonable efforts on his part." Although imprecise, the term "might" in the instruction properly charged the jury under the law of mitigation.

■ Kauzlarich further assails Instruction H on the ground that it fails to state the law in that it did not instruct that the plaintiff has a legal duty to mitigate his damages. The alleged defect does not render the instruction improper. When no instruction can be found in MAI, an appropriate instruction not in MAI must follow the substantive law and be written so that it can be readily understood by a jury composed of ordinary people. *Bayne v. Jenkins,* 593 S.W.2d 519, 530 (Mo. banc 1980). Kauzlarich's suggested language contributes nothing more than an abstract statement of law to an instruction that properly directs the jury to find ultimate facts; the addition of legal duty language would do nothing to enhance a jury's understanding of the mitigation issue.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for a new trial on the issue of damages.

HOLSTEIN, C.J., BENTON, LIMBAUGH and ROBERTSON, JJ., MONTGOMERY, Special Judge, and BLACKMAR, Senior Judge, concur.

PRICE, J., not sitting.

WHITE, J., not sitting because not a member of the Court when case was submitted.