Kenneth E. BYRD, Plaintiff/Respondent,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, Defendant/Appellant.

No. 69550.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 10, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

William A. Brasher, Gerard F. Hempstead, Terry Buescher, Brasher Law Firm, St. Louis, for defendant/appellant.

Joseph L. Bauer, Jr., Michael L. Nepple, Bauer & Baebler, St. Louis, for plaintiff/respondent.

GERALD M. SMITH, Judge.

Defendant, Burlington Northern Railroad Company, appeals from a judgment against it of $1,300,000 based upon a jury verdict in this FELA case. We affirm.

Plaintiff, Kenneth Byrd, worked as a carman for the railroad. He had been so employed for 28 years except for a period of military service. He and a co-worker, Coble, were sent by their supervisor from the repair facilities in Springfield, Missouri, to repair a gondola car in Columbus, Kansas, approximately 100 miles from Springfield. The gondola car was loaded with scrap iron. The repair involved replacement of an air brake reservoir, located underneath the car and weighing 256 pounds. Plaintiff and Coble, although experienced carmen, had limited experience in replacing reservoirs of this kind, particularly on a loaded car, by hand, away from the repair facility.

No mechanical lifting device or jack was provided to plaintiff and Coble for this job. Because the car was loaded they could not cut a hole in the bottom of the car and utilize the boom on their truck to move the new reservoir into position. They therefore sat on the ground and attempted to lift the reservoir into position. Coble weighed approximately 135 pounds; plaintiff in excess of 250 pounds. After placing one end of the reservoir into position they attempted to place the other end in place at which point the already placed end fell on plaintiff. He experienced immediate pain but he and Coble were able to place the reservoir into position and Coble secured it into place. Plaintiff immediately reported the injury when he returned to the repair shop in Springfield.

The injury precluded plaintiff from working as a carman, required surgery which only partially relieved his pain, and rendered him permanently disabled from performing work as a carman.

■ Railroad makes no challenge to the sufficiency of the evidence to support the verdict. It raises five allegations of trial error. The first alleges error in giving plaintiff's instruction pertaining to future pecuniary damages and in the court's refusal to give defendant's withdrawal instructions of those damages. The point is based upon defendant's contention that no evidence was presented by plaintiff as to "present value" of such damages and that defendant's *voir dire* had established that no member of the jury was capable of determining "present value" of such damages.

■ An instruction on present value is mandatory in a FELA case if requested by either party. *Anglim v. Missouri Pacific Railroad Co.*, 832 S.W.2d 298 (Mo.banc 1992)[29,30], *cert. denied sub nom. Missouri Pacific R.R. Co. v. Anglim*, 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). Either party may offer present value evidence, but whether such evidence is offered or not, the subject is open to jury instruction if requested and to jury argument. *Id.* at [32]. *Anglim* relied upon *Bair v. St. Louis–San Francisco Ry. Co.*, 647 S.W.2d 507 (Mo.banc 1983), *cert. denied* 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 109, for the proposition that the "fact that a dollar today is not the same thing as a dollar payable some years from now, is the matter of plainest fact which could be appropriately argued without the need for expert testimony." *Anglim, supra* at [31]. The *Anglim* court further noted that there is no single method for determining present value mandated by federal law. *Id.* at [32]. The court then held: "In the absence of any contrary indication, we can assume that each juror in his or her respective fashion complied with the instruction and determined the present value of future wage loss." *Id.*

Defendant contends that the first seven words of the last quoted sentence preclude an award of future pecuniary damages where no evidence is adduced of present value and none of the selected jurors on *voir dire* indicated knowledge of how to compute present value. It is apparent from the remainder of the quoted sentence that the court did antici-

pate that jurors may not have specific knowledge of how to compute present value but that each will in their "respective" ways determine what they believe "present value" to be. If defendant wishes to influence that determination it is free to present evidence to assist the jury. If it chooses not to, then it leaves that determination to the common knowledge of the jury. Defendant did not seek to provide the jury with assistance in this area. Further the non-itemized verdict of the jury does not enable us to determine what award it made for future pecuniary damages and whether or not it made some adjustment for "present value". *Id.* at [32]. We find no error.

Defendant next contends that the trial court erroneously refused to give defendant's requested mitigation of damages instruction. A defendant is entitled to a mitigation of damages instruction if there is evidence to support such an instruction. *Hawkes v. Norfolk & Western Railway Company,* 876 S.W.2d 705 (Mo.App.1994)[2]. The evidence here did not support a mitigation instruction. Plaintiff at the time of trial was still in his healing period from the back surgery and his doctor did not consider it advisable for him to ever work as a carman. When plaintiff sought to go back to work after his injury he was unable to perform satisfactorily and was told by his supervisor not to return to work until he was able to perform the full requirements of the carman position. In the period prior to the back surgery the only employment offered by the railroad was a job for which plaintiff did not appear to be qualified and which would have cost him his seniority in his carman position and additional benefits. We find no error in denying the requested mitigation instruction.

In its third point the defendant asserts error in the admission of testimony concerning the possible loss of plaintiff's farm as a result of his injuries. An objection was made to earlier testimony given by a neighbor of plaintiff concerning the fact the farm was for sale. The court overruled that objection on the basis that the evidence was relevant to show that because of his injuries the plaintiff was no longer able to work the

farm. Defendant made no objection to the testimony of plaintiff of which it now complains. The earlier testimony was relevant for the reason stated by the court in overruling the objection. Defendant was required to object to the testimony of the plaintiff of which it now complains if it believed the testimony was offered for a different and objectionable reason. The point has not been preserved.

Defendant next premises error on the court's refusal to give MAI 24.01's knowledge paragraph, mandated in certain cases by *Qualls v. St. Louis Southwestern Railway Company,* 799 S.W.2d 84 (Mo.banc 1990), *cert. denied sub nom. St. Louis Ry. Co. v. Qualls,* 499 U.S. 961, 111 S.Ct. 1585, 113 L.Ed.2d 650 (1991). In that case the court said the paragraph was not required if the judge decides the plaintiff has shown defendant had actual knowledge of the negligently produced condition. *Id.* at [4]. The knowledge paragraph is required where the plaintiff submits some act of negligence, constructive knowledge of which is not chargeable to the railroad. *Notes on Use,* MAI 24.01. *Qualls* involved transient conditions of ice and snow on a bridge.

The condition which caused plaintiff's injury was not transient. Two men were sent to replace a reservoir which weighed 256 pounds and were not supplied with a jack or other manual hoisting device. Reservoirs are located either under or on the end of the car. This is common knowledge in the railroad industry. The supervisor who sent plaintiff to the job site knew therefore that there was at least a fifty-fifty chance that the reservoir was under the car and would have to be manually replaced by two men without a jack. It is the business of a railroad to know whether its cars are empty or full, and therefore it had at least constructive knowledge that the boom on the truck could not be used to replace the reservoir if the reservoir was under the car. The evidence established that the railroad knew or should have known of the conditions facing plaintiff. It was chargeable with actual or constructive knowledge of the conditions which caused the accident. There was no fact issue as to the railroad's knowledge of the dangerous situa-

tion to which the plaintiff was exposed. The court did not err in refusing the *Qualls* paragraph.

Defendant's final point premises error on the court allowing a portion of the plaintiff's closing argument. We are unable to perceive anything improper about the argument.

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.