**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH F. WIECZOREK,

      Plaintiff - Appellant,

v.

SOUTHERN PACIFIC
TRANSPORTATION COMPANY, a
Delaware corporation,

      Defendant - Appellee.

No. 97-1154
(D.C. No. 95-B-1528)
(District of Colorado)

### ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **ANDERSON** and **LUCERO**, Circuit Judges.

Mr. Wieczorek appeals from a jury verdict, contending that the district court erred by instructing the jury on the affirmative defense of failure to mitigate damages. Alternatively, he argues that the mitigation instruction was plainly erroneous. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff was injured while in the employ of Southern Pacific Transportation Company ("Southern Pacific"). He filed a civil action against Southern Pacific pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, asking for over $650,000 in damages. At the conclusion of trial and over plaintiff's objection, the district court agreed to instruct the jury on the affirmative defense of failure to mitigate damages. The jury returned a verdict in favor of plaintiff, assessing damages at $80,000. The jury also found that plaintiff was 50% contributorily negligent, and the award was reduced by that percentage resulting in a judgment in favor of plaintiff in the amount of $40,000.

We first consider plaintiff's argument that the district court erred by instructing the jury on the duty to mitigate damages, contending that the instruction was unsupported by evidence in the record. Southern Pacific responds that the evidence before the jury was sufficient to support the instruction. See Wilson v. Union Pac. R.R., 56 F.3d 1226, 1232 (10th Cir. 1995) ("[A] party is entitled to an instruction based on its theory of the case whenever it produces evidence to support it.") (citing Trejo v. Denver & Rio Grande W. R.R., 568 F.2d 181, 184 (10th Cir. 1977)). "We review a district court's decision . . . to give a particular instruction . . . for abuse of discretion. As for the instructions themselves, we conduct a de novo review to determine whether, as a whole, they correctly stated the governing law and provided the jury with an ample

understanding of the issues and applicable standards." Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1442 (10th Cir. 1997) (citations omitted).

Our review of the record reveals sufficient evidence for the jury to conclude that plaintiff failed to mitigate his damages. Plaintiff was 38 years old at the time of the accident and the testimony of one of his treating physicians indicated that he was capable of returning to sedentary work. See Dep. of John R. Maggiore, M.D., at 8, in I Trial Tr., pt. 2. Plaintiff testified that after the accident a representative of Southern Pacific discussed with him "off the record" a job opportunity, which he did not accept. See I Trial Tr. at 100-01. Although plaintiff contends that "[i]n context, it is clear that [he] did not consider [it] to be a legitimate or viable job offer," Appellant's Reply Br. at 2, this question was properly for the jury to decide. Plaintiff also testified that he did not take advantage of the vocational counseling offered to him by Southern Pacific:

> I talked to — this is after the railroad had contacted me and set up a meeting with the railroad vocational person, and I went there and took a bunch of tests, and we talked about maybe computer drafting or maybe an electronics class or something. . . . I told him I wasn't — I didn't have a clue for what I wanted to do for the rest of my life. . . . And I told him that I would get back with him and let him know what I was thinking about. And I never really got back with the guy to finish talking about it.

I Trial Tr. at 102-03. This counselor testified that Southern Pacific was willing to pay for a vocational rehabilitation program, but that plaintiff declined to enroll in the program because he was unsure what he wanted to do with his career.

Plaintiff stated at trial that he sought counseling from the State of Colorado Department of Rehabilitation. A rehabilitation counselor employed by the Department testified by video deposition that his notes taken during plaintiff's intake interview stated: "[plaintiff] is not sure that the [Division of Vocational Rehabilitation ("DBR")] will be needed once he gets his settlements. He primarily came to DBR on the advice of his lawyer." Dep. of Charles L. Lackey at 34-35, in II Trial Tr., pt. 1. The jury was entitled to interpret from this evidence that plaintiff's efforts to seek vocational counseling and employment were less than genuine.

This court has stated in the FELA context:

> An unemployed plaintiff who is able to look for work does not satisfy his duty to mitigate by waiting passively for employment to be offered. The opportunity to mitigate is not merely the opportunity to accept a job, but the opportunity to seek appropriate work when one is able to do so. If that opportunity is shown to have existed, the issue of mitigation should not normally be prevented from reaching a properly instructed jury.

Wilson, 56 F.3d at 1232 (emphasis added). From the evidence in the record, the jury could properly find that an opportunity to seek appropriate work existed. Because "[t]he question whether the conduct of plaintiff was reasonable effort in the circumstances was a question of fact for the jury under proper instructions," Trejo, 568 F.2d at 184, the district court did not err in submitting a mitigation instruction to the jury.

Plaintiff's next contention — that the instructions were an erroneous statement of the law because they did not inform the jury that defendant bore the burden of establishing plaintiff's duty to mitigate damages — also fails to persuade us. Because plaintiff failed to object to the language of the instructions on these grounds, we will not review them unless they are "patently plainly erroneous and prejudicial." Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1054 (10th Cir. 1988) (quoting Moe v. Avions Marcel Dassault-Breguet Aviation, 727 F.2d 917, 924 (10th Cir. 1984)). The instructions, read as a whole, clearly state that failure to mitigate damages is an affirmative defense and that defendant has the burden of establishing affirmative defenses by a preponderance of the evidence. See II Trial Tr. at 351-53 (Instructions Nos. 1 and 4). They are not "patently plainly erroneous and prejudicial," and we therefore decline to review further the error to which plaintiff now objects.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-5-